366 F.2d 346
 Robert A. KENNEDY, as Treasurer of the State of Arizona, Roy
L. Thornbrugh, as Registrar of Contractors of the
State of Arizona, and Garner Electric
Company, Appellants,
v.
Louise POWELL, Trustee in Bankruptcy of the Estate of Leon
Showalter,bankrupt, Appellee.
 No. 20555.
 United States Court of Appeals Ninth Circuit.
 Sept. 19, 1966.
 
 Darrell F. Smith, Atty. Gen. of Arizona, Frank A. Parks, Asst. Atty. Gen., Phoenix, Ariz., for appellants.
 Louise C. Powell, Phoenix, Ariz., for appellee.
 Before HAMLEY, KOELSCH, and ELY, Circuit Judges.
 ELY, Circuit Judge:
 
 
 1
 This appeal is from a judgment of the District Court of which an order of the Referee in Bankruptcy was upheld. The order directed the Treasurer of the State of Arizona to surrender to the bankrupt's trustee $500.00 which the Treasurer had received and held as a deposit.
 
 
 2
 The bankrupt was an Arizona contractor. An Arizona statute provides that as a condition precedent to the State's granting of a contractor's license, the applicant must file a surety bond or make a deposit with the State. Ariz.Rev.Stat.Ann. 32-1152(A) (1965 Supp.). The bankrupt had made the deposit in cash. The statute further provides, 'Such cash deposits may be withdrawn, if there are no outstanding claims against them, one year after the termination of the license in connection with which the cash is deposited.' Ariz.Rev.Stat.Ann. 32-1152(C) (1965 Supp.).
 
 
 3
 The bankrupt's license was revoked on January 24, 1964, and on April 3, 1964, he filed a petition in bankruptcy. Two judgments against the bankrupt and the Treasurer jointly had been taken prior to the filing, one on March 26, 1964, and the other in March 30, 1964. Two other joint judgments against the bankrupt and the Treasurer were obtained after the petition was filed. No payment had been made on any of the judgments, and no levy had been made upon the deposit.
 
 
 4
 The State Treasurer is the mere custodian of the cash deposit, not the owner of the fund. Husky v. Lee, 2 Ariz.App. 129, 406 P.2d 847 (1965). Section 70a of the Bankruptcy Act provides, in part, that the trustee of an estate in bankruptcy shall 'be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition * * * to * * * (5) property, * * * which prior to the filing of the petition he could be any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: * * *.' 11 U.S.C. 110(a)(5).
 
 
 5
 We cannot escape the conclusion that the money here in question was 'property' within the meaning of the emphasized language in the quoted provision. The money itself had not been 'levied upon and sold under judicial process against (the bankrupt), or otherwise seized, impounded, or sequestered: * * *'; however, the terms of the Arizona statute make it clear to us that it 'might have been'. If such a deposit were not subject to being 'seized, impounded, or sequestered', either by the State of by the contractor's creditors, then there would appear to be no reason for the statute which required it.
 
 
 6
 Appellant contends that our court's decision in Brilliant v. Harvey Constr. Co., 212 F.2d 494 (9th Cir. 1954) requires reversal. That case also involved a cash deposit, but the cash was deposited with a county to assure performance of a construction contract. The money was held by the county for its own protection and not for the protection of third persons as was the deposit here. The decision in Brilliant is not applicable.
 
 
 7
 Appellants also contend that the bankrupt's interest in the deposit was contingent and, hence, not available to the trustee. While a property interest may be contingent under state law, this should not prevent its being 'otherwise seized, impounded, or sequestered: * * *.' See Collier, Bankruptcy P70.37 (14th ed. 1959). The Supreme Court has recently written,
 
 
 8
 'The main thrust of 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.'
 
 
 9
 Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966).
 
 
 10
 Affirmed.
 
 DISSENTING OPINION
 
 11
 KOELSCH, Circuit Judge.
 
 
 12
 I dissent. The bond in my estimation constituted security for the performance of particular obligations of the contractor and once the right of such obligees attached was beyond the reach of his general creditors. To that end the Arizona statute (Ariz.Rev.Stat.Ann. 32-1152) provides (in part) that:
 
 
 13
 '* * * D. The bonds required by this chapter shall be in favor of the state for the benefit of any person covered by this subsection. The bond shall be subject to claims by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract or by any person furnishing labor or materials used in the direct performance of a construction contract. * * *'
 
 
 14
 By this decision we deprive several secured creditors of vested rights.