**In the Matter of Jack M. CASH, Bankrupt.**

**In the Matter of Nancy A. CASH, Bankrupt.**

**Nos. B–71–1307 Phx., B–71–1308 Phx.**

United States District Court,
D. Arizona.

May 22, 1972.

---

Robert G. Mooreman, Phoenix, Ariz., for Trustee, Claude Pitrat.

Hiram A. Cannon, Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for USF&G.

James E. Grant, Phoenix, Ariz., for Safeway Employees Federal Credit Union.

Terry Fenzl, Brown, Vlassis & Bain, Phoenix, Ariz., for Canyon Ford, Inc.

Morris A. Kaplan, Bosco, Goldman & Kaplan, Phoenix, Ariz., for Robert E. Landers.

OPINION* AND ORDER

COPPLE, District Judge.

The Trustee, United States Fidelity & Guaranty Company (hereinafter U.S.F. & G.) and Safeway Employees Federal Credit Union have filed separate petitions for review of the Referee's order dated February 17, 1972, on Trustee's petition for restraining order and determination of rights in the proceeds of a bond. Canyon Ford, Inc., and Robert E. Landers have filed responses in opposition to the Trustee's petition for review.

U.S.F. & G., as surety, and Jack M. Cash, d/b/a Automobile Brokers & Associates, as principal, executed Motor Vehicle Dealer's Bond No. 60–0130–4501–71 in the penal sum of $10,000, which was posted with the Motor Vehicle Division of the Arizona Highway Department in accordance with the provisions of Arizona Revised Statutes Annotated, § 28–1305. The purpose of the bond is to indemnify any person who suffers loss by reason of any unlawful act of the licensee.

On October 21, 1971, as a result of its liability on the bond, U.S.F. & G. paid Canyon Ford, Inc., and Robert E. Landers $4,917.80 and $2,550.00, respectively. This payment took place subsequent to the filing of the bankruptcy petition on September 8, 1971.

On February 1, 1972, the Trustee filed a petition for an order to show cause and temporary restraining order and a determination of rights of the respondents U.S.F. & G., Canyon Ford, Inc., Money Oldsmobile, Inc., Robert E. Landers, Josefa Ortiz, Safeway Phoenix Employees Federal Credit Union, Credit Thrift of America, Inc., and Surety Acceptance Corporation, to the proceeds of Motor Vehicle Dealer's Bond No. 60–0130–4501–71. The Referee found that U.S.F. & G. paid out a total of $7,467.80 on the bond for $10,000 and ordered that the remaining $2,532.20 be turned over to the Trustee for a prorata distribution among the priority creditors.

* See 9th Cir.R.Prac. 21.

The Trustee in his petition for review states he was aggrieved by the Referee's order for the reason the Referee erred in failing to order the entire proceeds of the surety bond in question to be turned over to him.

U.S.F. & G. in its petition for review states it is aggrieved by the Referee's order for the reason that the Referee erred in declaring that the unpaid balance of the bond was an asset of the estate, the title to which vested in the Trustee by operation of law. Safeway Phoenix Employees Federal Credit Union's petition alleges basically the same thing. All the petitions for review involve essentially the same question, i. e., whether the bond is the property of the bankrupt's estate within the meaning of 11 U.S.C. § 110(a).

Section 70 of the Bankruptcy Act [11 U.S.C. § 110 (1966)] provides that the trustee of an estate of a bankrupt is vested by operation of law with title of the bankrupt's property, with respect to certain kinds of property, as of the date of the filing of the petition initiating a bankruptcy proceeding. § 70a(5) provides in part as follows:

"(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: . . . ."

Both the bond in question and Arizona Revised Statutes Annotated, § 28–1305, state that the bond shall inure to the benefit of any third person who suffers loss by reason of any unlawful act of the licensee. The bond states that if the licensee performs all his duties faithfully, the obligation of the bonding company is void. An unlawful act is a condition precedent to U.S.F. & G's liability under the bond and the liability of U.S.F. & G. arises when it is determined that U.S.F. & G. is obligated to pay a third-party claimant and a judgment is entered against it. Accordingly, there is no property which the bankrupt could have transferred or which might have been levied upon and sold under judicial process against him, or otherwise be seized, impounded or sequestered.

The Referee in his order relied on the decisions of the United States Court of Appeals for the Ninth Circuit in Kennedy v. Powell, 366 F.2d 346 (9th Cir. 1966), cert. denied, 386 U.S. 910, 87 S. Ct. 858, 17 L.Ed.2d 783 (1967), and Butler v. Pacific National Insurance Company, 375 F.2d 518 (9th Cir. 1967). The facts of those cases, however, are distinguishable from the facts in this case.

In Kennedy v. Powell, *supra*, the bankrupt had made a cash deposit with the treasurer of the State of Arizona as a condition precedent to obtaining a contractor's license. Arizona law provides that the deposit may be withdrawn one year after expiration of the contractor's license if there are no outstanding claims against the deposit. The court held that under § 70a(5) of the Bankruptcy Act, the cash deposit was "property", title to which vested in the trustee. The court reasoned that because the bankrupt would be entitled to a return of the deposit one year from the expiration of his license if no claims had been filed, that he had a contingent interest in the fund and it passed to the trustee.

Butler v. Pacific National Insurance Company, *supra*, involved conflicting claims to certain retainages held by the State of Arizona. Pacific National had furnished the State of Arizona a performance bond on which the bankrupt was the principal. Prior to completion of the contract, the principal was unable to fulfill his obligation thereunder and a second contractor completed the work. The surety paid the second contractor for its costs in completing the contract and then claimed priority over the trustee in bankruptcy to the retainages held by the State. The court held that the retained funds were property of the bankrupt and as a result title thereto vested in the trustee by operation of law. The court also held, however, that Pacific National had a prior right to the funds and directed the trustee to distribute them prorata among the class of

creditors secured by the Arizona statutes.

Neither of these cases held that the obligation of a surety is property of its principal that would entitle a trustee in bankruptcy to acquire title to the full amount of the surety's obligation under its bond. Furthermore, in both *Kennedy, supra,* and *Butler, supra,* the bankrupt had a contingent interest in the fund. In *Kennedy, supra,* the bankrupt would receive his deposit back if no claims were made, and in *Butler, supra,* he would receive the retainages if no claims were made. Here, the bankrupt retained no contingent interest.

Under the holding of the Referee, a surety would become liable to the bankrupt's estate under circumstances that do not fall within its liability as set forth in the contract.

For the reasons indicated, the Trustee's argument that the Referee erred in not ordering the money paid by U.S.F. & G. to Canyon Ford and Robert E. Landers is without merit. Accordingly,

It is ordered that the part of the Referee's order which relates to his order to turn over the unpaid balance of the bond to the Trustee is vacated.