In re Virgil C. and Felicitas E. RAMOS, ind. and d/b/a Midway Medical Center, Debtors.

Melanie R. COHEN, trustee, Felicitas E. Ramos, debtor, Plaintiffs,

v.

ILLINOIS DEPARTMENT OF PUBLIC AID, Defendant.

Bankruptcy No. 80 B 4898.
Adv. No. 81 A 433.

United States Bankruptcy Court,
N. D. Illinois, E. D.

June 12, 1981.

Joseph E. Cohen, Chicago, Ill., for plaintiffs.

Jeffrey A. Brown, Special Asst. Atty. Gen., Chicago, Ill., for defendants.

*Memorandum and order*

JAMES, Bankruptcy Judge.

Illinois Department of Public Aid, defendant, has moved to dismiss the complaint of Melanie Cohen, trustee, and Felicitas Ramos, debtor, for lack of jurisdiction and failure to state a claim upon which relief can be granted. In their complaint the trustee and debtor seek a turnover of funds IDPA allegedly retained as a setoff against funds Ramos owed IDPA. IDPA argues that the Eleventh Amendment prohibits the plaintiffs' claim in this court against the department unless Illinois has consented to the jurisdiction of this court. Illinois has not filed a proof of claim in the bankruptcy case and has not otherwise consented to jurisdiction in the case or in this adversary proceeding. The motion will be granted.

Plaintiffs contend that § 106 of the Bankruptcy Code bars an assertion of sovereign immunity and subjects the state of Illinois to claims such as theirs. Section 106 describes circumstances under which sovereign immunity will be deemed to have been waived. It does not operate as a waiver, however, of Illinois's sovereign immunity absent action by Illinois or one of the state's agencies or departments. IDPA has not waived its Eleventh Amendment protection in this case so that the court may grant the relief requested in the complaint.

Moreover, federal courts may not enter judgments to be paid out of public funds in a state treasury. *Edelman v. Jordan*, 415 U.S. 651, 669, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974). Plaintiffs seek payment from the Illinois treasury and have not stated a claim upon which this court can grant relief.

Plaintiffs have brought to the court's attention the case of *In re Visiting Home Services, Inc.*, 643 F.2d 1356 (9th Cir. 1981), in which the court held that the Eleventh Amendment did not remove a state from the jurisdiction of federal court when the state is not the "real, substantial party in interest," *Id.*, at 1360. In that case wage claimants assigned their claims to the Industrial Commission of Utah, a state agency, after the corporation they were claiming against had filed its bankruptcy petition. The state then set off the wage claims against money another state agency owed the bankrupt. The court held that the Eleventh Amendment did not bar the bankruptcy trustee from recovering funds from the commission that the commission as a mere custodian for and agent of wage claimants had garnished from another state agency after the filing of the corporation's bankruptcy proceedings.

In the present adversary proceeding plaintiffs ask for turnover of money held by a state agency. The state is the "real, substantial party in interest" and the Eleventh Amendment removes it from the jurisdiction of this court.

It is therefore ordered that the motion to dismiss is granted and the complaint is dismissed.