In re REGAL CONSTRUCTION
CO., INC., Debtor.

REGAL CONSTRUCTION CO.,
INC., Plaintiff,

v.

STATE OF MARYLAND STATE HIGHWAY ADMINISTRATION DEPARTMENT OF TRANSPORTATION, Defendants.

Bankruptcy No. 79–11810.
Adv. No. 81–0312.

United States Bankruptcy Court,
D. Maryland.

March 17, 1982.

Nelson Deckelbaum, Judith Herman, Washington, D. C., for Regal Const. Co., Inc.

Stephen H. Sachs, Atty. Gen. of Maryland, Louis Kozlakowski, Asst. Atty. Gen., Baltimore, Md., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

PAUL MANNES, Bankruptcy Judge.

On September 24, 1981, Regal Construction Co., Inc. (Regal), the Debtor-in-Posses-

sion, filed a complaint for breach of contract, naming the State of Maryland, the State Highway Administration (SHA) and the Department of Transportation as defendants. Count I seeks transfer of funds held by the State of Maryland that are allegedly due for work performed under Contract No. CH–482–000–576, awarded to Regal on December 16, 1976. Count II seeks transfer of funds held by the State of Maryland that are allegedly due for work performed under Contract No. AA–967–000–514, awarded on December 4, 1975. Count III arises from Contract No. 572–7–12–571, awarded on May 31, 1974, and seeks transfer of amounts allegedly due for work performed under the contract as well as damages for delay caused by the State of Maryland. Count IV arises from a dispute over Contract No. HO–305–1–723 and Contract No. HO–314–1–723, awarded to Regal in 1965. Regal seeks transfer of funds allegedly due for work performed under those contracts, recovery of funds set off by the State as liquidated damages, and affirmative damages for cost overruns. This matter came on for hearing on SHA's Motion to Dismiss, which requests dismissal of the complaint on several grounds.

 First, SHA claims that this court lacks personal jurisdiction over the Department of Transportation because Regal failed to effect proper service, as required by Bankruptcy Rule 704, upon the Department, a named defendant. Regal served only Administrator Caltrider, not the Secretary of the Department of Transportation. Dismissal is an improper remedy for incomplete service of process. B.R. 704(h) incorporates Rule 4(h) of the Federal Rules of Civil Procedure, which states:

At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights against whom the process issued.

In this case, no showing of prejudice has been made and the court will grant Regal's oral motion to amend process and allow the Plaintiff the opportunity to effect service on the appropriate official within the Department of Transportation, with the method of service to be determined by state law, as B.R. 704(c)(6) directs.

 SHA also moves to dismiss on the ground that Regal failed to join the Comptroller of the Treasury. Bankruptcy Rule 721 incorporates Rule 21 of the Federal Rules of Civil Procedure, which states:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Regal moved in open court for permission to amend its complaint to add a claim against the Comptroller of the Treasury. Rule 15 of the Federal Rules of Civil Procedure, which is applied to adversary proceedings by B.R. 715, states:

. . . . . a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court defined the lenient standard towards amendments that the federal courts are to apply in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, the plaintiff sued to recover what would have been her intestate share of her deceased father's estate. The District Court dismissed her complaint because it rested on an oral promise rendered unenforceable by the statute of frauds and refused to allow her leave to amend her complaint to seek recovery under a theory of *quantum meruit* for performance of the obligations which were the consideration for the oral contract. The United States Court of Appeals for the First Circuit affirmed, and the Supreme Court reversed, holding that the District Court abused its discretion in denying the plaintiff permission to amend her complaint, without any justifying reason appearing for the denial. The Court said:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230.

The Court went on to explain that liberal amendment encourages decision based on the merits of a case, rather than on technicalities. *Id.* None of the enumerated reasons for denial of permission to amend appear in this case, so the court grants leave for Regal to amend its complaint to add the Comptroller of the Treasury as a defendant.

■ The third ground upon which SHA seeks dismissal of the complaint is that the Eleventh Amendment and/or sovereign immunity bar this suit. The Eleventh Amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

*U.S.Const.* amend. XI.

This amendment bars suit against the state or any state agency for money damages. Although its terms are not specific, it has been construed to apply to a suit by a citizen of a state against his own state, as in the case at bar. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). It does not, however, bar suit against a particular government official for injunctive relief or money damages. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Regal, however, did not name a particular state official in its suit, although it did serve an individual official.

Before the court considers the defense of sovereign immunity, the court must determine whether the Eleventh Amendment bars this suit. Of the cases cited by counsel, neither *In re Remke*, 5 B.R. 299 (Bkrtcy. E.D.Mi.1980) nor *In re Community Hospital of Rockland County*, 5 B.R. 11 (S.D.N.Y. 1980) addresses this issue because both of those cases involved the Internal Revenue Service, a federal agency.

■ The Eleventh Amendment has a jurisdictional nature because it limits the federal judicial power, rendering a federal court incompetent to entertain a suit against an unconsenting state. *Employees of the Dept. of Public Health and Welfare v. Mississippi*, 411 U.S. 279, 285, 93 S.Ct. 1614, 1618, 36 L.Ed.2d 251 (1973). A state, however, can waive its Eleventh Amendment immunity. *Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883).

■■ Count I of the complaint in the instant case is valid because the State of Maryland specifically waived its immunity. Article 21 *Md.Code Ann.* § 7–101 (Repl.Vol. 1981). That waiver was prospective, applying only to contracts entered by the state after July 1, 1976. *See: John McShain, Inc. v. State*, 287 Md. 297, 411 A.2d 1048 (1980). The parties executed the contract that underlies Count I of the complaint in the instant case on December 16, 1976. Maryland's express waiver of immunity had become effective, and the debtor has the statutory right to sue on that contract. Therefore, the Motion to Dismiss fails on this point as to Count I.

■ With respect to Counts II, III, and IV of the complaint, there is no express waiver of immunity. Any such waiver must be implied in some action of the state in order to be effective. Such a waiver of immunity must be clear, however, and will not arise merely because a suit arises under the Constitution or laws of the United States. *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890). Merely because Plaintiff in the instant case brought suit in this court under the Bankruptcy Code, a federal statute enacted pursuant to Article I, § 8 of the Constitution, does not mean that the sovereign immunity of the State of Maryland is waived.

The question, then, is whether Maryland has taken any action that constitutes waiver of immunity or whether Congress has expressly abnegated that immunity insofar

as it has the power to do so. In *Parden v. Terminal Ry. of Ala. St. Docks Dept.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), the Supreme Court held that Alabama waived its immunity by operating an interstate railway. *Id.* at 192, 84 S.Ct. at 1212–13. The key element in *Parden* was that the state acted outside its exclusive sphere of authority, thereby voluntarily entering interstate commerce and submitting itself to a statutory scheme that mandated suits against employers. *Id.* at 196, 84 S.Ct. at 1215.

In this case, the only action taken by Maryland was entry into a contract, an act which is within the state's sphere of authority. The facts of this case resemble those in *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), in which a citizen of Louisiana sued the State of Louisiana under the contract clause of the Constitution and the Supreme Court barred suit. Here, Plaintiff is not proceeding under the Constitution but, rather, under an ordinary contract theory of recovery. In 1973, the Supreme Court specifically declined "to extend *Parden* to cover every exercise by Congress of its commerce power . . . . ." *Employees of the Dept. of Public Health and Welfare v. Mississippi*, 411 U.S. 279, 286–287, 93 S.Ct. 1614, 1618–19, 36 L.Ed.2d 251 (1973). Similarly, this trial court will not apply the holding in Parden to every exercise of the bankruptcy power.

In *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, *reh. den.*, 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974), parties seeking relief against Illinois contended that the state waived its immunity by participating in a federal program for aid to the handicapped and that the statutory scheme of the program required that immunity be abnegated. The Supreme Court held that although prospective injunctive relief against a named state official was proper, the Eleventh Amendment barred a retrospective award of wrongfully withheld benefits, 415 U.S. at 668–69. The Court based its holding on the conclusion that there was no clear indication that Congress intended to abrogate immunity, and that the state by its participation in the program consented to such abrogation. *Id.* 415 U.S. at 672–76, 94 S.Ct. at 1360–62.

The State of Maryland took no affirmative action that waived its immunity. Further, the Bankruptcy Code contains no indication that Congress intended to overturn Eleventh Amendment immunity, even if it could. If, as Plaintiff contends, 11 U.S.C. § 106(c) constitutes a general waiver of immunity, it would render § 106(a) and § 106(b), which refer to cases in which states file claims, meaningless. This court will not interpret the section in a way that would render part of it redundant or meaningless.

Counts II, III, and IV then, as they apply to the State of Maryland or its administrative agencies, would, on their face, appear barred totally by the Eleventh Amendment. Nevertheless, the court must examine each prayer in each count independently.

Characterization of a suit for the purpose of applying the Eleventh Amendment is determined by "the essential nature and effect of the proceeding." *Ford Motor Company v. Department of Treasury of the State of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). The Eleventh Amendment applies when "the state is the real, substantial party in interest." *Id.* In *In re Visiting Home Service, Inc.*, 643 F.2d 1356 (9th Cir. 1981), the Ninth Circuit held that the state was not the real party in interest and could not assert the Eleventh Amendment as a jurisdictional bar when it was merely the assignee of other wage claimants for purpose of collection. 643 F.2d at 1360. In that case, as in this one, the contract was no longer executory, the debtor had performed, and the state admitted that it owed money to the debtor. 643 F.2d at 1361.

Therefore, to the extent that SHA admits that it owes money to the Debtor-in-Possession, the Eleventh Amendment does not bar suit to recover those funds. Here, as in *Kennedy v. Powell*, 366 F.2d 346 (9th Cir. 1966), SHA is a mere "custodian" of funds, so the Eleventh Amendment does not bar suit. *See* 366 F.2d at 348.

Insofar, however, as the counts of the complaint request money that SHA retains as a setoff of amounts allegedly due to it through contract clauses allowing for liquidated damages, the Eleventh Amendment bars suit. In *In re Ramos*, 12 B.R. 250 (Bkrtcy.N.D.Ill.1981), the trustee and debtor attempted to recover funds held by the Illinois Department of Public Aid (IDPA) as a setoff for funds allegedly owed to IDPA by the debtor. In *Ramos*, as in the instant case, plaintiff claimed that 11 U.S.C. § 106 operated as a bar to the state's assertion of sovereign immunity, even though the state had not filed a claim in the bankruptcy case. This court, like the court in *Ramos*, finds that the Eleventh Amendment bars suit for recovery of funds set off by SHA. Insofar as Counts II, III, and IV of the complaint pray for affirmative relief in the form of damages against the state, they are barred by the Eleventh Amendment.

It is, therefore, this *17th* day of March, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Motion to Dismiss is denied as to Count I of the complaint and as to all parts of Counts II, III, and IV that request turnover of funds that the State Highway Administration admits are due to the Debtor-in-Possession, and it is further

ORDERED, That the Motion to Dismiss is granted as to all other requests for relief in Counts II, III, and IV, and it is further

ORDERED, That the Plaintiff, Regal Construction Co., Inc., shall have fifteen (15) days from the date of this Order to amend its complaint in accordance with this Order and effect service of process on all named parties.