20 B.R. 160 (1982)
In the Matter of Wayne L. CRUM, Patricia Crum, dba K & W Backhoe Service, K & W Construction, Debtors.
S. David SWAYNE, Trustee, Plaintiff,
v.
STATE OF WASHINGTON, WASHINGTON STATE PARKS AND RECREATION COMMISSION, Defendant.
Bankruptcy No. 81-0675.
United States Bankruptcy Court, D. Idaho.
May 20, 1982.
S. David Swayne, Moscow, Idaho, for himself as plaintiff trustee.
Robert G. Hargreaves, Asst. Atty. Gen., State of Wash., Olympia, Wash., for defendant.

MEMORANDUM DECISION AND ORDER
MERLIN S. YOUNG, Bankruptcy Judge.
Plaintiff trustee filed the present cause of action against the State of Washington under 11 U.S.C. § 542 seeking turnover of $12,211.69 allegedly improperly retained by the state and transferred to a third party after debtor filed for relief under Title 11 U.S.C.
The pleadings indicate that the debtors and the State of Washington entered into a public works contract in 1978. In August 1979, the debtors were terminated as contractors and its surety, Allied Federal Insurance Company, assumed debtors' contractual obligation and completed the project in June 1980. Prior to termination, the state withheld, allegedly pursuant to state statute, approximately $14,500 due to debtors on the contract and, in August 1980 following the project's completion, released $2,264.46 to the Washington Department of Revenue for taxes, penalties, and interest. The debtors filed for relief under the Bankruptcy Code on January 14, 1981, and the state, some 10 months later, released the remaining withheld funds in the amount of $12,211.69 to the surety.
The matter is presently before the court upon the state's motion to dismiss. The state contends this court is barred from the exercise of its bankruptcy jurisdiction against the State of Washington, because of the 11th Amendment, which provides:

*161 "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or projected against one of the United States by citizens of any other state, or by citizens or subjects of any foreign state."
Upon review and analysis of the authorities presented by both parties, I am persuaded the state's contentions are well founded and the motion to dismiss must be granted. Thus, the related but legally distinct issue of common law sovereign immunity and its application to the situation herein need not be addressed. Similarly situated are issues concerning waiver of sovereign immunity, estoppel, subject matter jurisdiction of the court and the like raised and argued by the parties.
Were the defendant herein a private party, I would have little difficulty in determining that plaintiff sufficiently alleged a prima facie case. The property involved is property of the estate under 11 U.S.C. § 541 and the transfer, 10 months after the debtors filed for relief, clearly violated the 11 U.S.C. § 362 stay. The trustee in such a situation is authorized to seek relief as against the party so transferring property of the estate or the transferee. See e.g. 11 U.S.C. §§ 542, 543, 549 and 550.
However, as the State of Washington properly notes, the 11th Amendment affirmatively bars suit against the state by citizens of another state in a federal court, the exact situation existing here. The only exceptions to the operation of the amendment arise when the state consents to such suit or waives the protection of the 11th Amendment, which Washington has not done here, or when the state is not a real, substantial party in interest. While the state might be seen as a mere custodian or stakeholder, the relief sought against it in this action is direct and affirmative making the state a real and substantial party in interest. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); In re Regal Const. Co., Inc., 18 B.R. 353 (BC D.Md.1982); In re Ramos, 12 B.R. 250, 7 BCD 1114, 4 CBC2d 1016 (BC N.D.Ill.1981); In re Kahr Brothers, Inc., 5 B.R. 765, 6 BCD 1163 (BC D.N.J.1980). Cf. In re Visiting Home Services, Inc., 643 F.2d 1356 (9th Cir. 1981); Kennedy v. Powell, 366 F.2d 346 (9th Cir. 1966); In re Reiber's Inn of Westchester, Inc., 3 B.R. 706 (S.D.N.Y.1980).

ORDER
NOW, THEREFORE, the motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice to file suit in a proper forum.