**In re PRIME, INC., Debtor.**

**PRIME, INC., Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF TRANSPORTATION, Defendant.**

**Bankruptcy No. 81–03200–S–11.**
**Adv. No. 84–0157–S–11.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Dec. 11, 1984.

Arthur Curtis, Springfield, Mo., for plaintiff.

Martin J. Haxel, Asst. Atty. Gen., Springfield, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Prime, Inc., a Chapter 11 debtor, located in Springfield, Greene County, Missouri, operates an over-the-road interstate trucking company. In March of 1984 it filed in this Court a complaint alleging that one of its vehicles was damaged as a result of faulty maintenance of highways by the Illinois Department of Transportation. The State of Illinois moved to dismiss contending that it had not waived its sovereign immunity to suit in this forum.

The cause of action accrued post-petition. Therefore, the place where the action may be brought is governed by Section 1473(d), Title 28 U.S.C.A. (1984) which provides that the debtor in possession

"may commence a proceeding ... arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the opera-

tion of the business of the debtor only in the bankruptcy court for the district where a State of Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought".

Under Missouri law, an action against a non-resident defendant "may be brought in any county in this state". Section 508.010(4), R.S.Mo.1965. Minimum contact standards are not applicable. This action, therefore, can be brought in this Court, absent the challenge to jurisdiction raised by the defendant based upon sovereign immunity and the Eleventh Amendment to the Constitution of the United States.

The Eleventh Amendment provides "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State", U.S.C.A. Const. Amend. 11. A state may waive its immunity under the Eleventh Amendment. *Parden v. Terminal R. Co.*, 377 U.S. 184, 186, 84 S.Ct. 1207, 1210, 12 L.Ed.2d 233.

Article XIII, Section 4 of the Illinois Constitution of 1970 provides that, "Except as the General Assembly may provide by law, sovereign immunity in this state is abolished". Pursuant to Ill.Ann.Stat. Ch. 127 Section 801, the Illinois General Assembly restored the State's immunity except to the extent suit is permitted against the State under the Court of Claims Act, Ill.Ann. Stat. Ch. 37 Section 439.8. Paragraph (d) of that Act permits suit "against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit".

Debtor's negligence action is clearly the type of suit contemplated under the Act. The Illinois Court of Claims has held that the defendant has a duty to utilize reasonable care in the construction and maintenance of highways under its control. *Hansen v. State of Ill. Dept. of Transp.*,

30 Ill.Ct.Cl. 643 (1975); *Baren v. State of Ill., Division of Highways,* 30 Ill.Ct.Cl. 162 (1974). Thus, it is clear that debtor could have brought this action in state courts of Illinois. The issue is whether debtor's action can be entertained in this forum based on defendant's waiver of sovereign immunity which permits debtor's tort action in the state forum.

 The Eleventh Amendment does not speak to the existence of the cause of action but rather whether the judicial power of the United States reaches the action, assuming it exists. A state's waiver of its common law sovereign immunity does not cause a waiver of Eleventh Amendment immunity against the action being brought in federal court. *Florida Dept. of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981). See Shapiro, "Wrong Turns: The Eleventh Amendment and the *Pennhurst* Case", 98 Harvard Law Review 61 (1984). The state may consent to such a suit but the consent must be expressed unequivocally. *Clark v. Barnard,* 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

> "Because of the problems of federalism inherent in making one sovereign appear against its will in the courts of the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate . . ."

*Employees of Dept. of Public Health & Welf. v. Missouri,* 411 U.S. 279, 294, 93 S.Ct. 1614, 1622–1623, 36 L.Ed.2d 251 (Marshall, J., concurring). There is no evidence here that Illinois has expressly or clearly, through implication, waived its right to assert sovereign immunity in any court except its Court of Claims. Those cases in which the issue is raised have concluded that Illinois in fact has not waived its immunity against suit in federal court. *Williamson Towing Co., Inc. v. State of Illinois,* 396 F.Supp. 431 (E.D.Ill.1975); affirmed 534 F.2d 758 (7th Cir.1976).

 Congress, however, may waive a state's immunity to suit in federal court if it does so expressly or through clear implication drawn from legislative history. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Section 106 of the Code, Title 11, U.S.C., sets out certain limited waivers of sovereign immunity.

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

> (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

> (2) a determination by the court of an issue arising under such a provision binds governmental units.

 Section 101(24) of the Code defines "governmental unit" to include a state. It is clear that the Congress has waived the Eleventh Amendment sovereign immunity of a state which holds a claim against which the debtor has an offset or a counterclaim. There is nothing in this file which shows the State of Illinois to have a claim in this case against which the debtor can offset this cause of action. Congressional waiver of the State of Illinois' assertion of Eleventh Amendment sovereign immunity must be found, if at all, in the broad reach of the language of Section 106(c).

*In Matter of Willington Convalescent Home, Inc.,* 39 B.R. 781 (Bkrtcy.Conn. 1984), the trustee sought turnover of funds due debtor from various departments of Connecticut government. The state had a claim but had not filed it and asserted sovereign immunity under the Eleventh Amendment as a defense to the trustee's

claim. The bankruptcy court concluded that the fact situation did not arise out of the same transaction and there was no allowed claim held by the governmental unit.

Analyzing the language of Section 106(c), the court concluded that it evidenced congressional intent to waive Eleventh Amendment sovereign immunity wherever the phrase set out in Section 106(c)(1) occurred throughout Title 11. The court also concluded that the state could be sued in courts of the United States. *Cf. Peel v. Florida Dept. of Transportation,* 600 F.2d 1070 (5th Cir.1979). Those cases, such as *In re Ramos,* 12 B.R. 250 (Bkrtcy.N.D.Ill. 1981) and *Matter of Crum,* 20 B.R. 160 (Bkrtcy.Idaho 1982) which find no waiver of Eleventh Amendment sovereign immunity do so without analyzing the language of Section 106(c) as it impacts language of Title 11. Without dealing with Section 106(c) those results cannot be persuasive.

■ The consequence of this analysis is the conclusion that where Title 11 deals with "creditor, entity, or government unit", Eleventh Amendment sovereign immunity is waived. Compare the holding in *In re T & D Management Company,* 40 B.R. 781 (Bkrtcy.Utah 1984) where the court held that the trustee could not avoid fraudulent conveyance to a governmental unit without an express waiver of sovereign immunity because the enabling statutes, Sections 548(a)(2) and 550 of the Code, do not refer to "creditor, entity or governmental unit" as the recipient.

If, therefore, this Court is to have jurisdiction of the proceeding here it is because the debtor in possession is prosecuting the action under some enabling language within Title 11. A close reading of the complaint shows that it is a common law action sounding in tort which could fairly be called a related proceeding. Debtor alleges that it is an action under Section 542(b) of the Code. That section, which generally deals with turnovers of property states, in part, that

"an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to ... the trustee".

■ Since the statute contains the word "entity" it has the potential to be read as constituting a waiver if the property which the entity holds falls within the description set out in the balance of the paragraph. Property of the estate is generally defined as property which the trustee can use, sell or lease under Section 363 of the Code. *U.S. v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). And while it is true that debtor could use the money if it made a recovery, a tort claim for damages is not usually reduced to money in the possession of the debtor through turnover.

If the debtor has a tort claim which is contingent and unliquidated, that claim is property of the estate. The claim here is contingent and unliquidated. It is not "matured, payable on demand, or payable on order" and does not fall, therefore, within the reach of Section 542(b). Nor is there any other section of the Code under which the action could be brought. While there are elements of turnover in the proceeding, that is not its essential nature and a title cannot obscure that.

The claim not falling within any statutory provision it becomes merely an adversary proceeding. There is no congressional waiver of Eleventh Amendment sovereign immunity in that narrow instance and this Court, empowered only by referral of judicial power of the United States, cannot entertain the action. The Motion to Dismiss is SUSTAINED.