In re **RHODE ISLAND AMBULANCE SERVICES, INC., Debtor.**

**RHODE ISLAND AMBULANCE SERVICES, INC., Plaintiff,**

v.

**Roger BEGIN, General Treasurer of the State of Rhode Island; Nancy V. Bordeleau, Director of the Department of Human Services of the State of Rhode Island; James E. O'Neil, Attorney General of the State of Rhode Island; and State of Rhode Island and Providence Plantations, Defendants.**

Bankruptcy No. 8800505.
Adv. No. 880041.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 13, 1988.

---

er of the State of Rhode Island; Nancy V. Bordeleau, Director of the Department of Human Services of the State of Rhode Island; James E. O'Neil, Attorney General of the State of Rhode Island; and the State of Rhode Island and Providence Plantations (hereinafter the "State"), Motion to Dismiss the complaint of the debtor in possession, Rhode Island Ambulance Services, Inc. As grounds therefor, defendants contend that they are immune from suit under the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution. After hearing, the parties were requested to file memoranda of law on the issue of sovereign immunity as it relates to the instant bankruptcy proceeding.

The underlying dispute concerns allegedly overdue accounts receivable due the debtor by the State, pursuant to the Rhode Island Medical Assistance Program, R.I. GEN.LAWS § 40–8–1, *et seq.* (1956, reenacted 1985). The debtor seeks an order of this Court requiring the State to turn over assets of the estate, to wit: accounts receivable, pursuant to 11 U.S.C. § 542(b).[1]

The State maintains that sovereign immunity and the Eleventh Amendment bar this action, and also that the amounts claimed are not due.

Avram N. Cohen, Providence, R.I., for debtor.

David Dugan, Special Asst. Atty. Gen., Providence, R.I., for defendants.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on September 14, 1988, on the defendants', Roger Begin, General Treasur-

The threshold issue of whether sovereign immunity or the Eleventh Amendment[2] bars R.I. Ambulance Services' action against the State is one of first impression in this jurisdiction.[3] To begin our inquiry, we first consider § 106 of the Bankruptcy Code, entitled "Waiver of Sovereign Immunity," which provides that:

---

1. 11 U.S.C. Section 542(b) entitled "Turnover of property to the estate," provides:

 Except as provided in subsections (c) and (d) of this section, an *entity* that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under § 553 of this title against a claim against the debtor. (Emphasis added.)

2. We agree with the reasoning of the Second Circuit where they determine that "[a]lthough § 106 speaks only of 'sovereign immunity,' that term clearly encompasses eleventh amendment immunity to the extent that the governmental unit in question is a state." *Hoffman v. State of Connecticut, Department of Income Maintenance (In Re Willington Convalescent Home, Inc.),* 850 F.2d 50, 56, n. 6 (2d Cir.1988).

3. The issue was raised but left undecided in *WJM, Inc. v. Mass. Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988).

[e]xcept as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.[4]

11 U.S.C. § 106(c).

It is the interpretation of this language which is before us. Numerous courts have considered § 106(c), and a definite split of opinion has emerged. *See, e.g., In re Vazquez*, 788 F.2d 130 (3d Cir.1986); *Matter of Neavear*, 674 F.2d 1201 (7th Cir. 1982); *In re McVey Trucking, Inc.*, 812 F.2d 311 (7th Cir.1987); *In re Willington Convalescent Home, Inc.*, 850 F.2d 50 (2d Cir.1988). The majority view, which we choose to follow here, interprets § 106(c) as creating a cause of action against an unconsenting state, when a proceeding is brought under a provision of the Code which contains either the term "creditor," "entity," or "governmental unit." *Matter of McVey Trucking, supra*, at 327; *Gower v. Farmer's Home Administration (In re Davis)*, 20 B.R. 519, 522 (Bankr.M.D.Ga. 1982); *In re Prime*, 44 B.R. 924 (Bankr.W. D.Mo.1984); *In re Shelby County Healthcare Services of Al, Inc.*, 80 B.R. 555, 16 B.C.D. 1050 (Bankr.N.D.Ga.1987). Under the majority view, § 106(c) does not require that the state had filed a claim against the debtor, for a waiver of sovereign immunity to have occurred as subsections (a) and (b) prescribe. *Matter of Neavear, supra*, at 1204. Subsection (c) only requires that the provision which the debtor is seeking to have enforced, here § 542(b), contains one of the terms listed in § 106(c)(1). Section 542(b) provides:

Except as provided in subsection (c) or (d) of this section, an *entity* that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor. (Emphasis added.)

 Since § 542(b) is a provision containing the term "entity," under the majority view the State's sovereign immunity is waived in this instance.[5] *See In re Shelby County Healthcare Services, supra*, 80 B.R. at 561, 16 B.C.D. at 1054, (the Bankruptcy Court held that the United States is an entity under § 542(a) and, therefore, had waived sovereign immunity under § 106(c)).

The opposing minority view, including the most recent decision of the Second Circuit, *In re Willington Convalescent Home, supra*, interprets § 106(c) as waiving sovereign immunity "only to the extent necessary for the bankruptcy court to determine a state's rights in the debtor's estate." *Id.* at 55. The *Willington* court, in rejecting the majority view, relied on the distinction between the use of the word "claim" in subsections (a) and (b) as opposed to the word "issue" in subsection (c), concluding that the scope of subsection (c) was more limiting than subsections (a) and (b). *Id.* at 55.

*In re Regal Constr. Co.*, 18 B.R. 353 (Bankr.D.Md.1982), also rejects the majority view, but bases its decision on a belief that subsections (a) and (b) would be rendered meaningless if subsection (c) were to entirely abrogate sovereign immunity.

---

**4.** 11 U.S.C. § 106(a) and (b) are inapplicable to the present proceeding because the State has not filed a claim against the debtor. They are included below for reference:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

**5.** It has previously been determined, and we agree with the conclusion, that the term "governmental unit" which appears in § 106(c)(2) and is defined in § 101(26), includes a state. *In re Willington Convalescent Home, Inc., supra*, at 54.

The State of Rhode Island adopts this argument and stresses the inconsistency which would result if subsection (c) were to entirely abrogate sovereign immunity, while subsections (a) and (b) require the filing of a proof of claim.

The problem with the State's reliance on *In re Regal Constr. Co., supra,* is that it misstates the majority views' interpretation of § 106(c). The State, mistakenly, in our judgment, argues that the Seventh Circuit Court of Appeals decision in *In re McVey Trucking, Inc.* "provided for absolute abrogation of immunity." (Defendants' Supplemental Memorandum of Law, p. 6.) That statement is simply incorrect. *In re McVey Trucking* holds that § 106(c) "create[s] a cause of action for money damages enforceable against a state in federal court" when § 547(b) is in issue.[6] *Id.* at 327. Section 547(b), the preference provision, uses the term "creditor," one of the terms identified in 106(c)(1), as applying to and binding governmental units "notwithstanding any assertion of sovereign immunity." Clearly, *McVey* did not hold that § 106(c) abrogates sovereign immunity *entirely,* and the State's argument that it did, is rejected.[7]

The State also fails to discuss or distinguish its interpretation of § 106(c) from that of the conflicting courts. Apparently, the State misreads the view of the majority, since it lumps all opposing views into one category, that of total sovereign immunity abrogation. However, as noted earlier, the majority does not deem § 106(c) to be a general waiver of sovereign immunity, but rather reads subsection (c) as applying only to those provisions in the Code which contain one of the three enumerated terms, and interprets subsections (a) and (b) as applying to *all* of the provisions under the Code only when the State files a proof of claim. No disharmony exists between the subsections under this construction.

Accordingly, the State's arguments fail to persuade us that the majority view is inaccurate, and based on our own reading of the statute, legislative history, and renowned authorities, we find that § 106(c) does abrogate the State's sovereign immunity in a § 542(b) proceeding.[8]

Accordingly, it is ORDERED that the defendants' Motion to Dismiss be and hereby is DENIED.

One troubling issue still remains, however, and that is whether the debtor's complaint for the turn over of prepetition accounts receivable should be classified as a core or non-core proceeding. Because of our serious reservations on this issue, which have been previously discussed in our 1986 decision *R.I. Lithograph Corporation v. Aetna Casualty & Surety Co. (In re R.I. Lithograph Co.),* 60 B.R. 199 (Bankr.D.R.I.1986), the parties are given ten (10) days to file memoranda of law

---

**6.** § 547(b):
> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a *creditor.* (Emphasis added.)

**7.** If the majority view were that § 106(c) abrogates sovereign immunity entirely, we would agree with the defendants' argument that such inconsistency would render §§ 106(a) and (b) meaningless. However, we do not understand that to be the majority view's interpretation.

**8.** The legislative history provides that "[t]he provision [§ 106(c) ] is included to comply with the requirement in case law that an express waiver of sovereign immunity is required in order to be effective. Section 106(c) codifies *In re Gwilliam,* 519 F.2d 407 (9th Cir.1975), and *In re Dolard,* 519 F.2d 282 (9th Cir.1975), permitting the bankruptcy court to determine the amount

and dischargeability of tax liabilities owing by the debtor or the estate prior to or during a bankruptcy case whether or not the governmental unit to which such taxes are owed files a proof of claim. Except as provided in sections 106(a) and (b) subsection (c) is not limited to those issues, but permits the bankruptcy court to bind governmental units on other matters as well."

Other eminent authorities in whose company we choose to remain on this issue are: 2 Collier on Bankruptcy, § 106.04, (15th ed. 1987); Jones, *Suits Against a State Under the Bankruptcy Code for Retrospective Monetary Relief,* 91 Com.L.J. 278 (198 ); Judge Robert Krechevsky, who wrote the Bankruptcy Court decision in *Willington, supra,* which was reversed by the District Court of Connecticut and the Second Circuit Court of Appeals.

addressing the core vs. non-core issue.[9]

---

**9.** This order is made on the assumption that the above ruling, determining that we have jurisdiction in this proceeding, is not a final order and, therefore, is not appealable. 28 U.S.C. § 158(a).