In re David Larry DAVIS, Debtor.

Charles A. GOWER, Trustee, Plaintiff,

v.

FARMERS HOME ADMINISTRATION, an Agency of the United States of America, Defendant.

Bankruptcy No. 81–60100–THOM.

Adv. No. 82–6005–THOM.

United States Bankruptcy Court, M. D. Georgia.

June 2, 1982.

Charles A. Gower, Columbus, Ga., T. Jefferson Loftiss, II, Associate Atty., Thomasville, Ga., J. Patrick Ward, Associate Atty., Cairo, Ga., for plaintiff.

J. Christopher Kohn, Stephanie Wickouski, Attys., Civ. Div., Commercial Litigation Branch, U. S. Dept. of Justice, Washington, D. C., for defendant.

OPINION TO ACCOMPANY ORDER DENYING MOTION TO DISMISS

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

The question for decision is whether this adversary proceeding should be dismissed

---

because barred by the doctrine of sovereign immunity. Herein, the question is answered in the negative. The issue arises by reason of Defendant's motion to dismiss.

In this Chapter 7 case Plaintiff filed a complaint seeking, among other things, to avoid certain alleged transfers and preferences. Plaintiff also alleged a partnership relationship between Debtor and Defendant and that Debtor assumed a fiduciary relationship toward Debtor and Debtor's creditors, and this fiduciary relationship was breached. Defendant filed a motion to dismiss asserting that "... the relief sought is barred by the doctrine of sovereign immunity." Defendant contends that it has not filed a proof of claim, and, therefore, pursuant to 11 U.S.C. § 106, has not waived its sovereign immunity. Defendant presents the question for decision as "Whether the United States has waived its sovereign immunity in a bankruptcy proceeding where it has not filed a proof of claim?" No issue is made by Plaintiff that Defendant is not a governmental unit of the United States to which the doctrine of sovereign immunity is available in a non-bankruptcy case. Plaintiff does contend that Congress has waived the Defendant's sovereign immunity in 11 U.S.C. § 106.

Defendant contends that under subsections (a), (b), and (c) of 11 U.S.C. § 106, "the filing of a proof of claim is a prerequisite for relief against the government." This contention is without support and is rejected.

11 U.S.C. § 106 is as follows:

"(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units."

## PART I PLAIN LANGUAGE INTERPRETATION

As stated in *Consumer Product Safety Commission, et al. v. GTE Sylvania, Inc., et al.*, 447 U.S. 102, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980):

"We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."

The Fifth Circuit has said in *State of Alabama v. Marshall*, 626 F.2d 366, 368–369 (1980):

"Although both sides of this case point to evidence of Congressional intent favoring their positions, the law is well settled that a statute must be interpreted according to its plain language unless a clear contrary legislative intention is shown. *See NLRB v. Catholic Bishop* [440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533], *supra*; *U. S. v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980). Regarding § 3309(b)(1)(A), we can find no clear Congressional intention to desire a result contrary to its plain language."

■ The plain language of § 106 says nothing about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity nor does the definition of "claim" or "governmental unit," § 101(4) and § 101(21) respectively, say anything about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity.

The plain language of 11 U.S.C. § 106(a) as applied to this adversary proceeding is

that Congress deemed the sovereign immunity of a governmental unit to have been waived when (1) the estate has a claim against a governmental unit and the governmental unit has a claim against the estate; and (2) the claim against the governmental unit must be property of the estate; and (3) the claims of each must arise out of the same transaction or occurrence. If any one of these three is missing, Congress did not deem sovereign immunity to have been waived under 11 U.S.C. § 106(a). There is nothing in this section to support Defendant's contention that "the filing of a proof of claim is a prerequisite for relief against the government."

To inject into 11 U.S.C. § 106(a) a phrase such as "A governmental unit that files a proof of claim under section 501 of this title" would change the plain language of the statute. To so inject would be doing exactly what Congress rejected. The original version of 11 U.S.C. § 106 contained such words. The text of H.R. 8200, 95th Cong., 1st Sess., 324 (1977) and S. 2266, 95th Cong., 2nd Sess., 313 (1978) each show 11 U.S.C. § 106 to read as follows:

"(a) A governmental unit that files a proof of claim under section 501 of this title is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit for which such governmental unit filed a proof of claim or interest under section 501 of this title any claim against such governmental unit that is property of the estate." (Underscoring added).

As finally adopted on November 6, 1978, sections (a) and (b) remained exactly the same except the underscored portion was eliminated from section (a) and (b), and section (c) was added. What Congress rejected should not be injected.

As in 11 U.S.C. § 106(a) the phrase in § 106(b), "for which governmental unit filed a proof of claim or interest under § 501 of this title," was not included in the section as finally adopted. The plain language of 106(b) is that any claim which is property of the estate shall be offset against the allowed claim of a governmental unit, and Congress, as to the offset, waived any defense of sovereign immunity that otherwise might be available to the governmental unit.

"Any claim" in § 106(b) is far broader than in 106(a), because in 106(b) the claim to be offset need not arise "out of the same transaction or occurrence."

"Allowed claim" in 106(b) raises one or more questions. Is there a distinction between "allowed claim" used in 106(b) and a "deemed allowed" claim in 11 U.S.C. § 502? If, as shown above "for which such governmental unit filed a proof of claim or interest under § 501 of this title" was eliminated from 106(b) as finally adopted, it would appear that the filing of a proof of claim is unnecessary to effect a waiver of sovereign immunity as to offsets. (It is not necessary now to decide if the filing of a proof of claim must be by the governmental unit or if it can be done by another under one or more of the provisions of 11 U.S.C. § 501). But, the use of the words "allowed claim" implies that under 11 U.S.C. § 502, a proof of claim must be filed before it can be "deemed allowed." If "deemed allowed" in § 502 and "allowed" in 106(b) mean the same thing, then a proof of claim must be filed before the offset in 106(b) is available. "Deemed allowed" in § 502 and "allowed" in § 106(b) are herein construed to mean the same thing. If they are synonymous and this Court is in error as to conclusions reached in Part II hereof, then the motion to dismiss, insofar as 106(b) is concerned, should be granted as no proof of claim has been filed by anyone.

As to 106(c), it should be noted that this subsection did not appear in any proposed legislation but appears for the first time in the section as finally adopted. What is excepted by the opening phrase "Except as provided in subsections (a) and (b) of this section"? Applying again the plain lan-

guage test, it is mandatory in 106(c), before there is a waiver of sovereign immunity, that (1) the proceeding be brought under a provision of Title 11 and (2) that the provision of Title 11 contain the word "creditor" or the word "entity" or the word "governmental unit." But, there is excepted from these two mandatory requirements any proceeding that is available under 106(a) or 106(b). Stated another way, 106(c) means that if the proceeding is brought under 106(a) or 106(b), the two mandatory requirements in 106(c) are inapplicable. Stated still another way, 106(c) means that notwithstanding any assertion of sovereign immunity by a governmental unit, the sovereign immunity of a governmental unit is waived if a proceeding is commenced under a provision of Title 11 that contains "creditor" or "entity" or "governmental unit" except that these restrictions are inapplicable if the proceeding is brought under 106(a) or 106(b).

In summary, by the plain language of 11 U.S.C. § 106 Congress waived the sovereign immunity of a governmental unit where the circumstances fall within any of the three subsections and only in 106(b) if there can be no allowed claim without a filing of a proof of claim, there is no requirement that there be filed a proof of claim before sovereign immunity is waived. The question for decision as stated by Defendant is, "Whether the United States has waived its sovereign immunity in a bankruptcy proceeding where it has not filed a proof of claim?" The answer is that in the instant case Congress has waived the sovereign immunity for the United States.

There are limited cases and commentary construing 11 U.S.C. § 106, and the results reached herein may be different, but in the cases and commentaries found, no consideration has been given to the fact that Congress itself, as discussed above, rejected the necessity of the filing of a proof of claim.

## PART II

### DEFENDANT HAS FILED AN AMENDABLE PROOF OF CLAIM

■ Defendant asserts that it has not filed a proof of claim, and, accordingly, Defendant argues that it has not waived its defense of sovereign immunity. If Defendant has filed a proof of claim, then by its own argument it has waived its sovereign immunity. Defendant has presented to the Trustee and to the Court a demand against the estate and that Defendant intends to hold the estate liable. Thus, there has been presented a sufficient claim which Defendant could amend even after the six month's limitations for filing proofs of claim has expired. By such amendment Defendant could share in any dividends that may be available for distribution.

"The Supreme Court has held that the time limitation in § 57n does not prevent amendments to proofs of claims after expiration of the period mentioned. Consequently, amendments are allowed if enough has been presented to show that a demand is made against the estate and that it is the creditor's intent to hold the estate liable. In accordance with the liberality in permitting amendments, courts have been satisfied with very little that amounted to an original proof of claim." (Footnotes omitted). 3 Collier on Bankruptcy, ¶ 57.11, 207–208 (14th ed. 1978).

It is assumed that the new Bankruptcy Code has not changed this liberality under the old Act. The following appears in this bankruptcy case to date:

1. A letter dated March 2, 1982 from the United States Attorney enclosing a motion and proposed order for an extension of time within which to file an objection to the dischargeability of Defendant's debt. As stated in the letter, the additional time is to allow Defendant time to investigate any possible grounds of objection to dischargeability. This letter clearly establishes that Defendant has a claim against the estate.

2. In the motion for extension of time, it states at Paragraph 3 "The United States of America is a major secured and unsecured creditor of the Debtor and has reason to believe that it may have grounds for an objection to the dischargeability of a portion of its debt." This clearly establishes

that Defendant is a "major" secured, as well as unsecured, creditor and establishes the fact that Defendant has a claim against the estate.

3. The complaint filed by the Trustee against the Defendant, which complaint is the subject matter of the motion to dismiss under consideration, recites that there is consent of the Defendant "via its active participation in the bankruptcy proceedings of the debtor herein as evidenced by its attendance at the first meeting of creditors, questioning the debtor at said meeting of creditors and subsequently seeking the Trustee herein to abandon certain property pursuant to § 554 of the Bankruptcy Code by submitting a proposed Order of Abandonment."

This is sufficient to establish that a proof of claim has been filed by Defendant and thereby constitutes a waiver of sovereign immunity. To hold otherwise would put Defendant in the enviable position of standing aloof until it determines that a distribution by the trustee would make it more profitable to submit itself to proceedings against it by the Trustee. Defendant is either now subject to proceedings by the Trustee against it or it is not. Defendant does not have an election to travel one way before the end of the six months for filing claims and another way afterwards if it appears then to be more profitable. Its claim has already been sufficiently asserted to waive its sovereign immunity.

In *Fausett v. Murner*, 402 F.2d 961 (5th Cir. 1968), the Fifth Circuit quoted with approval as follows:

"Where there are enough facts appearing in the record to establish claim against the bankrupt, it may, in a proper case, be used as a basis for amendment."

Citing *Cotton v. Bennett*, 59 F.2d 373, 375 (4th Cir. 1932); *Fyne v. Atlas Supply Company*, 245 F.2d 107 (4th Cir. 1957). Also, in *Fausett v. Murner, supra*, 963, the Fifth Circuit quoted with approval the following from 1 Collier Bankruptcy Manual, ¶ 57.06, 57–20 (2d ed. 1978):

"actual knowledge of the claim on the part of the trustee or even a receiver has,

in the presence of persuasive reasons of equity, induced the courts to overlook the fact that a formal proof, in the technical sense, had not been filed in time."

In the instant case, "there are enough facts appearing in the record to establish claim against the bankrupt," and there is "actual knowledge of the claim on the part of the Trustee." Thus, there is enough to amend by after the six month's time for filing claims. There being enough for Defendant to amend by, it is enough to waive sovereign immunity. "Persuasive reasons of equity" will not permit Defendant to have it both ways. There are enough facts appearing in the record to show Defendant is asserting a claim, although not a "formal proof in the technical sense," against the estate, and thus Defendant has submitted itself to the jurisdiction of this Court. It has waived its sovereign immunity. Succinctly, if there is enough to amend by, there is a waiver of sovereign immunity. As to cases following the liberal rule of allowance of amendments to informal or incomplete claims, see, *Fausett v. Murner, supra; In re Crown Cabinets*, 488 F.2d 91 (5th Cir. 1973); *In re Guardian Mortgage Investors*, 15 B.R. 284 (M.D.Fla.1981); *In re Fransciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir. 1979), *cert. den.*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598; *In re Gibraltor Amusements, Ltd.*, 315 F.2d 210 (2nd Cir. 1963); *Fyne v. Atlas Supply Co., supra; Sun Basin Lumber Co. v. U. S.*, 432 F.2d 48 (9th Cir. 1970); *In re Hart Ski Mfg. Co., Inc.*, 5 B.R. 326, 6 B.C.D. 697 (Bkrtcy.Minn. 1980); *Walsh v. Lockhart Associates*, 339 F.2d 417 (5th Cir. 1964), *cert. den.*, 380 U.S. 953, 85 S.Ct. 1085, 13 L.Ed.2d 970.

No cases have been found where the shoe is on the other foot. Fairness requires that a governmental unit cannot make an informal or incomplete claim to protect its right to share in subsequent distribution and also assert sovereign immunity.

An Order is entered simultaneously herewith denying Defendant's Motion to Dismiss.