**In re William J. HOLLAND and Patricia A. Holland, his wife, Debtors.**

**Bankruptcy No. 80–00002–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 20, 1987.

Billie Tarnove, P.A., Fort Lauderdale, Fla., for debtors.

Jeffrey H. Beck, Successor Trustee, Raymond B. Ray, Fort Lauderdale, Fla., for Successor Trustee.

Marvin Gutter, Fort Lauderdale, Fla., Co-Counsel for debtors.

Marilyn Koonce, Asst. U.S. Atty., Miami, Fla., Terry Mitchell, Miami, Fla., Edwin B. Meese, Atty. Gen., Dept. of Justice, Washington, D.C., for U.S.

A. JAY CRISTOL, Bankruptcy Judge.

### PRELIMINARY ORDER ON DEBTORS' MOTION TO HOLD IRS IN CONTEMPT

This cause came on to be heard on the motion of William J. Holland and Patricia A. Holland, debtors, to hold Internal Revenue Service (hereinafter referred to as IRS) in contempt. The IRS has indicated that it can not be held in contempt for a number of reasons. This order will dispose of some of these reasons. The remainder will be determined at a further hearing in this cause. IRS submits that it can not be held in contempt of court because of the sovereign immunity of the United States of America. The court has the following thoughts:

This court entered an order,
Over a year ago.
An IRS attorney signed it.
So surely they know.
IRS had obligations.
The order told them things to do.
And they didn't do them.
There's no doubt; that's true.
When asked to explain,
Why they did not comply?
"IRS is above the law,"
Was their haughty reply.
IRS says, "The US
Has sovereign immunity.
And, therefore, IRS may

Show contempt with impunity."
This court to their theory
Says, "No!, Nay!, Nix!
Congress said otherwise
In Section 106."
If IRS agents continue on this trail,
They may get to see the inside of our jail.
This is America;
Where it should be no surprise,
That the law is for Goliath and IRS,
As well as for the little guys.

Accordingly, and upon consideration, it is ORDERED as follows:

■ 1. The defense of the IRS that it may not be held in contempt by this court because of the sovereign immunity of the United States is rejected. 11 U.S.C. § 106 provides a specific waiver of sovereign immunity which the court believes is applicable in this case. IRS may not file a claim with the bankruptcy court and use the remedies and powers of this court to pursue its claim and hold a shield of sovereign immunity in the other hand against the contempt powers of this court. As Judge Shelley stated in *In re Conti*, 50 B.R. 142, 12 C.B.C.2d 1472, 1476 (Bkrtcy.E.D.Va.1985):

> the debtor's discharge would be meaningless if this Court could not enforce the injunction provisions of § 524 against the Internal Revenue Service should it violate, intentionally or unintentionally, those provisions. As a result, this Court holds that the IRS may be held in civil contempt for violation of § 524(a)(2) as a necessary and obvious implication of the express waiver of sovereign immunity contained in § 106(c).

Judge Shelley also held that the doctrine of sovereign immunity did not bar the award of attorneys' fees pursuant to 28 U.S.C. § 2412(b). *In re Conti*, 42 B.R. 122, 128 (Bankr.E.D.Va.1984).

■ 2. The government has suggested that the bankruptcy court does not have the power to punish criminal contempt. Counsel for Holland submits that this is a matter of civil contempt and the court agrees with that view. Without deciding the issue of whether or not this court has criminal contempt powers, this proceeding will deal only with civil contempt.

■ 3. The IRS argues that the tax liabilities of the Hollands were subject to a priority claim which is not dischargeable. The court determines that this is immaterial under the circumstances. We are dealing with an issue of the discharge of these obligations by an agreement made between the Hollands and the United States and confirmed by an order of this court. The discharged portion of the claim is, therefore, not discharged by operation of the Bankruptcy Code but by agreement of the parties in settlement of the claim issue.

■ 4. The IRS argues that this matter could only have been determined in an adversary proceeding pursuant to B.R. 7001 et seq. The government's position would be well founded if the court had adjudicated this matter on a motion which the government opposed. This matter resulted from an agreement between the government and the taxpayer signed by an attorney for the taxpayer and an attorney for IRS. If, in order to enforce that voluntary agreement, it would be necessary for the court to require the filing of an adversary proceeding with payment of the additional filing fees, service of process and an exchange of pleadings, then the law would truly be an ass. The mutually agreed settlement of the disputed claim may be confirmed by an order of court, as was done in this case, without the necessity of filing additional proceedings under B.R. 7001.

■ 5. IRS argues that the attorney who signed the consent order on behalf of IRS had no authority to enter the order and, therefore, IRS is not bound. To follow this argument to its logical conclusion would create total chaos. The finality of any order involving the United States of America or, in fact, any other party represented by an attorney would be left open indefinitely. When the United States of America sends a lawyer to court, that lawyer represents a client like any other lawyer. That lawyer is presumed to have the authority necessary to bind the client.

**412**

Agreements resolving disputes that are confirmed by court order should not, after several years, be lightly reopened. Finality dictates that settlements remain undisturbed. The witnesses and parties to the matter may have moved, died or forgotten the facts. Documents may be stored, lost or destroyed. When a party comes back several years later and says, "My attorney had no authority. Set aside the order and let's begin again." The court responds, "Nonsense."

6. The government has also raised an issue as to whether or not there may have been some impropriety by the United States attorney who participated in the settlement process. The government may freely raise this issue at an evidentiary hearing to be held in this matter, providing it gives proper notice to the former IRS attorney and to debtors' counsel concerning the matter to be determined. If an attorney engages in impropriety, appropriate remedies exist.

7. The only other evidentiary issue remaining on this motion is the nature of government conduct, which might constitute civil contempt by the IRS. IRS takes the position that under the terms of the order, there is no obligation to grant the releases promised since there was no payment in full. The debtors argue that on June 26, 1986, Jeffrey H. Beck, as trustee, executed an assignment which transferred to IRS the debtors' only asset thereby fulfilling debtors' obligations under the agreement. An issue of fact remains as to whether or not IRS received the promissory note from the trustee. The note may have been worthless or may represent full payment. The value of the note is irrelevant. The crucial point is the transfer to the IRS of the "remaining proceeds of the estate," which would then extinguish debtors' obligations under the agreement.

8. The remaining issues of fact, if any, relating to whether or not the IRS is in civil contempt will be determined at an evidentiary hearing in the near future.