In re BRANDT–AIRFLEX CORPORATION, Debtor.

BRANDT–AIRFLEX CORPORATION, Plaintiff-Appellee,

v.

LONG ISLAND TRUST COMPANY, N.A., and New York State Tax Commission, Defendants-Appellants,

and

United States of America, Defendant.

No. 87–CV–1303.

United States District Court, E.D. New York.

Sept. 18, 1987.

Robert Abrams, Atty. Gen., State of N.Y., for New York State Tax Com'n by Robert K. Drinan, Asst. Atty. Gen., Nassau County Regional Office, Mineola, N.Y.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by Robert L. Begleiter, Asst. U.S. Atty., and Bridget M. Rowan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is an appeal from the Bankruptcy Court's order granting summary judgment for Brandt-Airflex Corp. ("Brandt"), the debtor. The procedural history of this appeal is complex and set forth in detail in *In re Brandt-Airflex Corp.*, 73 B.R. 59 (E.D. N.Y.1987).

Brandt manufactures metal products and employs approximately sixty people. In 1983, in an effort to solve its deteriorating financial situation, Brandt and the Long Island Trust Company ("LITC") entered into an "Overdraft Financing Agreement". Under the terms of the agreement LITC honored preapproved checks for the wages of Brandt's employees. LITC did not, however, provide funds for the payment of the withholding taxes on the wages paid during 1983, 1984 and the first quarter of 1985.

In February 1986, Brandt filed for bankruptcy pursuant to 11 U.S.C. §§ 1107 and 1108. Brandt subsequently filed an adversary proceeding in Bankruptcy Court against LITC, the United States Government and the New York State Tax Commission. The complaint alleges a private cause of action pursuant to 26 U.S.C. § 3505(b)[1] and its New York State counter-

Saltzman & Holloran, New York City, for Brandt-Airflex Corp. by Michael I. Saltzman, Robert C. Holmes.

Cullen & Dykman, Garden City, N.Y., for Long Island Trust Co. by C. Gayden Wren.

---

1. 26 U.S.C. § 3505 provides:
   (a) Direct payment by third parties.—For purposes of sections 3102, 3202, 3402, and 3403, if a lender, surety, or other person, who is not an employer under such sections with respect to an employee or group of employees, pays wages directly to such an employee or group of employees, employed by one or more employers, or to an agent on behalf of such employee or employees, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) required to be deducted and withheld from such wages by such employer.

   (b) Personal liability where funds are supplied.—If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge (within the meaning of section 6323(i)(1)) that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to

part, N.Y. Tax Law § 678(b) [2] (McKinney 1975). Brandt seeks a declaration 1) of LITC's § 3505(b) and § 678(b) tax liability, Complt. ¶ 1(A); 2) that it is entitled to a credit under §§ 3505(c) and 678(c), Complt. at ¶ 1(B); and 3) that the claims the Internal Revenue Service and the New York State Tax Commission have against it be reduced by the amount owed by and collectible from LITC. Complt. at ¶ 1(C).

LITC moved to dismiss the complaint. The Bankruptcy Court converted the motion to dismiss into a motion for summary judgment and granted the motion for Brandt. *In re Brandt-Airflex Corp.*, 69 B.R. 701 (Bankr. E.D.N.Y.1987). The Bankruptcy Court held, *inter alia*, that Brandt had stated a claim upon which relief may be granted, *id.* at 708, and that Sections 3505(b) and 678(b) imposed liability on LITC for Brandt's delinquent withholding taxes without relieving Brandt of its liability. *Id.* at 710; *In re Brandt-Airflex Corp.*, No. 85–50219–18 (Bankr. E.D.N.Y. Mar. 30, 1987). For the reasons set forth below, we reverse the Bankruptcy Court's decision and dismiss the complaint.

Section 3505(b) imposes personal liability on third parties supplying funds to an employer for the wages of its employees. 26 U.S.C. § 3505(b). With some limitations, a lender's § 3505(b) liability is equal to the amount of withholding taxes not paid by the employer. *Id.* Section 3505, however, must be read in conjunction with other sections of the Internal Revenue Code. Sections 3102(a) and 3402(a) require an employer to deduct and withhold income taxes from the wages paid to an employee. 26 U.S.C. §§ 3102(a) and 3402(a). These taxes must be held by the employer in a special trust fund for the exclusive benefit of the Government. *See* 26 U.S.C. § 7501(a). Once these "trust fund" taxes are withheld from the employee's wages, the United States must credit the amount withheld against the employee's individual income tax liability.

Prior to the enactment of 26 U.S.C. § 3505, the Government could only collect these "trust fund" taxes from the actual employer. If a third party paid the wages of another party's employees and if for any reason the United States could not collect these taxes from the employer, the Government could not collect the taxes from the third party lender. As a result the Government lost revenues. *See* Sen.R. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin. News 3722, 3742–43. Section 3505 was enacted to remedy this situation.

In this case, Brandt argues, in essence, that § 3505(b) allows an employer to bring an action to compel the United States Government to file a claim to determine LITC's liability. We disagree.

■ Section 3505(b) makes third party lenders personally liable for an amount equal to the employer's unpaid "trust fund" taxes. It does not impose an affirmative duty on the Government to undertake a § 3505 collection. It simply gives the Government an alternative *discretionary*

the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.
(c) Effect of payment.—Any amount paid to the United States pursuant to this section shall be credited against the liability of the employer.
Added Pub.L. 89–719, Title I, § 105(a), Nov. 2, 1966, 80 Stat. 1138.

2. N.Y. Tax Law § 678(b) provides:
(b) Funds supplied to employer by third parties.—If a lender, surety or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this article to be deducted and withheld by such employer from such wages, such lender, surety or other person shall be liable for the amount of the taxes (together with interest) which are not paid over to the tax commission by such employer with respect to such wages. However, the liability of such lender, surety or other person shall be limited to an amount equal to twenty-five percent of the amount so supplied to or for the account of such employer for such purpose.

method of collection. Section 3505(b) does not provide the Internal Revenue Service with the authority to assess the third party lender separately or use the ordinary administrative collection methods. Under § 3505 if the lender does not volunteer to discharge its debt, the Government must file a civil action to collect on the lender's § 3505(b) liability. 26 C.F.R. 3505–1(d)(1) (1987). In such a proceeding, the lender's liability may be determined by a jury. *See United States v. Fred. A. Arnold Inc.*, 573 F.2d 605, 606 (9th Cir.1978).

■ It is clear from the language of the statute and its legislative history that § 3505(b) was enacted for the exclusive benefit of the Government. A § 3505(b) action may only be initiated by the Government. Whether the United States chooses to bring such an action is completely within its discretion. Under the doctrine of separation of powers, this Court may not compel the Government to exercise its discretion. *See Heckler v. Ringer*, 466 U.S. 602, 626, 104 S.Ct. 2013, 2028, 80 L.Ed.2d 622 (1984).

■ Therefore, Brandt may not compel the Government to exercise its discretion and file a § 3505(b) action to determine LITC's liability. Brandt's claim must be dismissed for failure to state a claim upon which relief may be granted.

■ We might add that, while Brandt may not state a claim under § 3505(b), it may at some point be able to state a claim under § 3505(c). Although § 3505 was enacted for the exclusive benefit of the United States, the statute does indirectly benefit employers. Section 3505(c) requires the Government to credit against an employer's "trust fund" tax liability any amount paid by the lender to the Government under § 3505(a) and (b). As a result, an employer may, pursuant to § 3505(c), become a third party beneficiary to the Government's § 3505(a) and (b) claims against a lender. Once this third party interest vests, the employer may have a legally protected interest in a lender's § 3505 liability and may have a cause of action under § 3505(c). In the absence of such a legally protected interest a plaintiff lacks standing

to file a claim under § 3505. *See Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975); Note, *Federal Courts: Standing to Sue*, 1985 Ann. Survey Am. L. 179, 179–81.

At this juncture, Brandt's third party interest under § 3505(c) has not vested. Hence Brandt does not, at present, have a legally protected interest in LITC's potential § 3505(b) liability. Moreover, we need not determine when, if ever, Brandt's third party interest will vest. At this time, Brandt lacks standing to file a third party claim pursuant to § 3505.

■ New York Tax Law § 678(b) is the New York State counterpart of 26 U.S.C. § 3505(b). The language and purpose of both statutes are identical. Therefore, for the reasons stated in our analysis of Brandt's § 3505(b) claim, Brandt's § 678(b) claim is dismissed.

Accordingly, the Bankruptcy Court's decision is reversed and Brandt's complaint dismissed with prejudice.

SO ORDERED.