**In re Thomas Allan LILE, Debtor.**

**Bankruptcy No. 86–05363–H5–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 2, 1989.

O. Otis Bakke, Houston, Tex., for debtor.

William S. Rose, Asst. Atty. Gen. and Louise P. Hytken, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for U.S.

## MEMORANDUM ORDER AND OPINION ON MOTION TO DISMISS OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT

MARGARET A. MAHONEY, Bankruptcy Judge.

The motion of the United States, Internal, Revenue Service (IRS), for the dismissal or alternatively, for partial summary judgment against the debtor, Thomas A. Lile, came before me. The partial summary judgment, if granted, would have the affect of limiting the award of any damages which might be assessed against the IRS by this court in the pending action for damages against the IRS pursuant to 11 U.S.C. § 362(h). After consideration of the arguments of counsel, the pleadings on file in the case and the relevant case law applicable to this matter, I am denying the motion of the IRS.

I have jurisdiction to hear this matter under 28 U.S.C. § 1334 and § 157(b) and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The debtor in this proceeding, Thomas A. Lile, owned a seafood restaurant in Hous-

ton, Texas called Bayou City Oyster Club (Bayou City). On June 20, 1986, Lile filed his individual Chapter 11 petition and also a Chapter 11 petition for the restaurant corporation. On December 7, 1987, the corporate bankruptcy case was dismissed although the individual Chapter 11 remained on the docket.

At some point prior to the filing of its petition, Bayou City became delinquent in its payment of federal employment and unemployment taxes. The IRS has estimated the approximate delinquency owed by Bayou City at the time of filing to be over $150,000.

After the dismissal of the corporate bankruptcy, the IRS, acting under a writ of entry and a Notice of Levy, locked the doors of Bayou City in an attempted seizure of property of that entity in satisfaction of the tax indebtedness which it owed the IRS. Lile contends that the action by the IRS was wrongful and in violation of the automatic stay of 11 U.S.C. § 362 in that the property seized by the IRS was in reality his or his wife's individual property and not that of the restaurant corporation, whose bankruptcy petition had been recently dismissed. Lile is seeking the recovery of damages, from the IRS under 11 U.S.C. § 362(h).

On June 17, 1988, I awarded Lile $2,199,-500 in damages after a hearing pursuant to 11 U.S.C. § 362(h). I concluded at that hearing that the IRS had been duly served under the law and was on notice of the allegations against it by Lile. The IRS failed to answer or appear at the hearing and I granted the default order and award of damages. The IRS subsequently appealed.[1] On the basis of substantive arguments made by the IRS on their motion to vacate the earlier judgment, on July 27, 1988, I vacated my earlier order and judgment upon the payment by the IRS of costs to the debtor and to debtor's counsel.[2] The

---

1. The damage award appeal is presently pending before the District Court. It is likely to now be moot as I have set aside the earlier judgment and the IRS will be given an opportunity to present their case upon rehearing.

2. My order setting aside the judgment against IRS and including findings of fact and conclusions of law is on file in the case at docket # 98 dated July 27, 1988.

matter will now be heard February 6, 1989, at which time the IRS will have the opportunity to present its defenses to the 11 U.S.C. § 362(h) argument of the debtor.

On November 7, 1988, the IRS filed its motion to dismiss or in the alternative, for partial summary judgment which I am now considering. The IRS argument is based upon the claim that the bankruptcy court has no jurisdiction to award damages against it since this matter is barred as an impermissible action against the United States under the doctrine of sovereign immunity. The IRS also argues that the doctrine of sovereign immunity bars the imposition of punitive damages against the IRS. Alternatively, the IRS argues that if any waiver of sovereign immunity exists, it is a limited waiver which would only permit an award of damages in the maximum amount of the proof of claim filed by the IRS in this case.

## II. DISCUSSION OF ISSUES AND LAW

■ The determinative question presented in this matter before me is whether or not the doctrine of sovereign immunity bars the imposition of damages against the IRS for violation of the stay pursuant to 11 U.S.C. § 362(h). An additional question which I will address in this order is whether or not the sovereign immunity waiver provision of 11 U.S.C. § 106 is applicable and the extent of its applicability to the IRS in the matter before me.

The doctrine of sovereign immunity bars all lawsuits against the United States or its agencies in the absence of its consent as expressly manifested by Congress. *Block v. North Dakota,* 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). This doctrine has its origin in the English concept that the governing royalty should be permitted to exercise his or her authority undisturbed by liability. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3654 (1985). As applied in its modern context, sovereign immunity is grounded in the practical realization that essential governmental activities should not be interrupted or slowed by litigation or liability. *Id.* at § 3654.

If Congress has expressly waived sovereign immunity, such consent is strictly construed. *U.S. v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Congress may provide the conditions under which an action can be maintained against the United States. *Stanley v. CIA,* 639 F.2d 1146 (5th Cir.1981), *cert. denied,* —— U.S. ——, 107 S.Ct. 3262, 97 L.Ed.2d 761 (1987).

Congress provided for sovereign immunity to be waived in the Bankruptcy Code at 11 U.S.C. § 106. This section provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity" or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

(West 1988)

The legislative history of this section indicates that it provides for a limited waiver of sovereign immunity. *See* H.R.Rep. No. 95-595, 95th Cong., 1st Session 317 (1977); S.Rep. No. 95-989, 95th Cong., 2d Session 29 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The comments note that the result of a waiver under this section should be what would prevail outside of bankruptcy but with two important changes. *Id.* These changes are that the filing of a proof of claim against the estate by the governmental unit is a waiver by the governmental unit of any compulsory counterclaims arising out of the same transaction or oc-

currence. *Id.* Additionally, the estate may offset against the allowed claim of a governmental unit, up to the amount of the governmental unit's claim, any claim that the debtor or estate has against the governmental unit—without regard as to whether the estate's claim arose out of the same transaction or occurrence as the government's claim. *Id.*

The legislative history further reveals that subsection (c) was added to Section 106 to comply with the case law requirement that an express waiver of sovereign immunity is needed prior to a finding of such waiver by a governmental unit. 124 Cong.Rec. H11091 (daily ed. September 28, 1978); S17407 (daily ed. Oct. 6, 1978), remarks of Rep. Edwards and Sen. DeConcini. Except as provided in subsections (a) and (b), subsection (c), permits the court to bind governmental units on other matters as well. *Id.*

A number of courts have considered 11 U.S.C. § 106 when confronted with a similar sovereign immunity issue.[3] In order for there to be a waiver of sovereign immunity under 11 U.S.C. § 106(a), three things are required. First, the section will apply to waive the bar of sovereign immunity when asserted by a governmental unit when the estate has a claim against the governmental unit and the governmental unit has a claim against the estate. Second, the claim against the governmental unit must be property of the estate. Third, the claims must arise out of the "same transaction or occurrence" under Fed.R. Civ.P. 13 compulsory counterclaim analysis. *In re Davis*, 20 B.R. 519 (Bankr.M.D. Ga.1982).

 The rationale for the waiver of sovereign immunity under such circumstances is easy to see. It is well settled that it would be unfair and inequitable to permit the governmental entity to file a claim and seek a distribution from the estate, and make use of the remedies and powers of the bankruptcy court to pursue such a claim while at the same time asserting that the bar of sovereign immunity should apply to shield it from any liability to the estate. *WJM, Inc. v. Massachusetts Dept. of Public Welfare*, 840 F.2d 996 (1st Cir.1988); *In re Holland*, 70 B.R. 409 (Bankr.S.D.Fla. 1987); *In re Brandt–Airflex*, 69 B.R. 701 (Bankr.E.D.N.Y.1987), *rev'd. on other grounds*, 78 B.R. 10 (1987), *aff'd.*, 843 F.2d 90 (2d Cir.1978); *Matter of Campbell Enterprises*, 66 B.R. 200 (Bankr.N.J.1986). Many courts reason that the governmental entity has, by filing its claim, consented to having its claim adjudicated in its entirety by the bankruptcy court.[4] *Matter of McVey Trucking, Inc. (McVey Trucking, Inc. v. Secretary of State of Illinois)* 812 F.2d 311 (7th Cir.1987) *cert. den'd.* —— U.S. ——, 108 S.Ct. 227, 98 L.Ed.2d 186 (1987); *In re Davis*, 20 B.R. 519 (Bankr.M.D.Ga. 1982).

In the case before me the first of the two requirements under 11 U.S.C. § 106(a) for a waiver of sovereign immunity are present. The estate has a claim against the IRS arising out of the alleged wrongful assessment attempt and the IRS has a claim against the estate arising out the debtor's tax delinquency. Clearly under 11 U.S.C. § 541(a)(7), the claim against the IRS for the wrongful assessment attempt is property of the estate.

 The only requirement left to consider under 11 U.S.C. § 106(a) is whether or not the claim of Lile against the IRS arises out of the same transaction or occurrence as the claim of the IRS against Lile.

---

**3.** It is interesting to note that a number of courts have imposed damages or contempt against the IRS for violation of the stay, and have not found such action barred by the doctrine of sovereign immunity even without discussion of the issue. *In re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641 (Bankr.N.D.Fla.1987), *In re Stucka*, 77 B.R. 777 (Bankr.C.D.Cal.1987), *In re Carlsen*, 63 B.R. 706 (Bankr.C.D.Cal.1986). This supports, too, my finding that the argument of the IRS that this action should be

barred by the doctrine of sovereign immunity is unconvincing.

**4.** Such consent is not a prerequisite to a finding of a waiver of sovereign immunity under 11 U.S.C. § 106. Current case law does not require a proof of claim be on file by the governmental entity prior to a finding such a waiver. *See, In re Inslaw*, 76 B.R. 224 (Bankr.D.C.1987), *In re Davis*, 20 B.R. 519 (Bankr.M.D.Ga.1982).

When making this determination, I am guided by the principle that 11 U.S.C. § 106(a) and the terms "same transaction or occurrence" should be liberally interpreted under Fed.R.Civ.P. 13(a) analysis in order to carry out the philosophy and general policies of the Federal Rules of Civil Procedure in the minimization of duplicitous litigation. *WJM v. Massachusetts Dept. of Public Welfare*, 840 F.2d 996 (1st Cir.1988), *In re Klingberg Schools*, 68 B.R. 173 (N.D.Ill.1986), *aff'd.*, 837 F.2d 763 (7th Cir.1988). Under Fed.R.Civ.P. 13(a) analysis, a counterclaim arises out of the same transaction when it is logically related to the claim of the opposing party. *Id.* at 68 B.R. 173. A logical relationship exists when the counterclaim arises from the same aggregate of operative facts as the initial claim in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant. *U.S. v. Aronson*, 617 F.2d 119 (5th Cir.1980), *Plant v. Blazer Financial Services*, 598 F.2d 1357 (5th Cir.1979).

In the case, the claim of Lile against the IRS arises from the same aggregate core of facts as the claim of the IRS against Lile. The tax indebtedness of Bayou City began the chain of events which culminated in the attempted levy by the IRS which is the source of the claim of Lile against the IRS.

The IRS argues that the 100 percent penalty as set out in its proof of claim filed in the Lile case and which represents its claim against Lile as a reasonable official of the corporation pursuant to 26 U.S.C. § 6672 is separate and distinct from the liability of Bayou City for the employment taxes.[5] The IRS argues that the result of the separate and distinct character of the

claim against Bayou City and its claim in the Lile bankruptcy for the 100 percent penalty is that the claim by Lile against IRS for wrongful levy under 11 U.S.C. § 362(h) could not be considered to arise out of the "same transaction or occurrence" under 11 U.S.C. § 106(a) and the compulsory counterclaim analysis of the Fed.R.Civ.P. The IRS has cited no authority for such an argument.

The argument of the IRS fails because the basis of its claim against Lile as set out in its proof of claim filed in the case is the tax delinquency owed by Bayou City which the IRS was unable to collect. The 100 percent penalty assessed against a responsible corporate officer is only used when the IRS has exhausted all other means of collection against the corporate entity. *See, United States v. Sotelo*, 436 U.S. 268, 279 n. 12, 98 S.Ct. 1795, 1802 n. 12.

The very origin of the 100 percent penalty which the IRS is attempting to assess against Lile, individually, is the corporate indebtedness of Bayou City for which the IRS attempted the levy in question. A conclusion that the individual liability is separate and distinct from the liability of Bayou City is immaterial to a finding that the claims arose out of the same transaction or occurrence under 11 U.S.C. § 106(a).[6] Other courts have also failed to find the argument asserted by the IRS persuasive. *In re Datair Systems Corp.*, 37 B.R. 690 (Bankr.N.D.Ill.1983), *See also, In re Mohawk Industries, Inc.*, 55 B.R. 284 (Bankr.Mass.1985). For these reasons, I deem the IRS to have waived its claim of sovereign immunity pursuant to 11 U.S.C. § 106(a).

Even if I had not concluded that the IRS had waived its sovereign immunity under 11 U.S.C. § 106(a), I find that an addi-

---

5. Lile was the president and sole shareholder of Bayou City. As such, he is a "responsible person" pursuant to 26 U.S.C. § 6672 for the delinquent employment taxes of a corporation which has gone out of business. *See, United States v. Sotelo*, 436 U.S. 268, 279 at n. 12, 98 S.Ct. 1795, 1802 at n. 12 (1978).

6. The case cited by the IRS for the assertion that the claim of Lile against them does not arise

from the same transaction or occurrence is simply not applicable to this issue. *Hornsby v. IRS*, 588 F.2d 952 (5th Cir.1979) holds that liability imposed on responsible persons who fail to insure that their employer pays withholding taxes is separate and distinct from the liability of the employer for those taxes. This case ignores the applicability of Fed.R.Civ.P. 13 counterclaim analysis to an 11 U.S.C. § 106(a) determination.

tional ground for concluding that the IRS has waived its sovereign immunity exists under 11 U.S.C. § 106(c). 11 U.S.C. § 106(c) applies to waive sovereign immunity in all cases under the Bankruptcy Code which contain the terms "creditor", "entity" or "governmental unit." *Matter of McVey Trucking, Inc., (McVey Trucking, Inc. v. Secretary of State of Illinois,* 812 F.2d 311 (7th Cir.1987), *cert. den'd,* —— U.S. ——, 108 S.Ct. 227, 98 L.Ed.2d 186 (1987), *In re Shelby County Healthcare Services,* 80 B.R. 555 (Bankr.N.D.Ga.1987). One court has extended the waiver of sovereign immunity under this section to a proceeding seeking subordination of a claim under 11 U.S.C. § 510(c) on the basis of that sections use of the term "allowed claim." *In re Prudential Lines, Inc.,* 79 B.R. 167 (Bankr.S.D.N.Y.1987). Additionally, waiver under 11 U.S.C. § 106(c) is not conditioned on the filing of a proof of claim as is a waiver under 11 U.S.C. § 106(a). *Matter of Neavear, (Nevear v. Schweiker),* 674 F.2d 1201 (7th Cir.1982), *In re Inslaw,* 76 B.R. 224 (Bankr.D.C.1987).

The IRS in its argument supporting a constricted view of 11 U.S.C. § 106(c) relies upon the case of *In re Willington Convalescent Home, Inc., (Hoffman v. Connecticut),* 850 F.2d 50 (2d Cir.1988), *cert. granted,* —— U.S. ——, 109 S.Ct. 781, 102 L.Ed.2d 773 (1989). In that case, the Second Circuit bases its holding that sovereign immunity was not waived by the state under 11 U.S.C. § 106(c) on the rationale that an expansive reading of the waiver of sovereign immunity provision of 11 U.S.C. § 106(c) is not supported by the language of subsection (c)(2). This section states that governmental units are bound by a determination by the court of an issue arising under any Code provision which contains one of the triggering terms provided in 11 U.S.C. § 106(c). The Second Circuit Court notes that the legislative floor statements which accompany that section provide specifically that 11 U.S.C. § 106(c) is not limited to such issues and that the bankruptcy court is permitted to bind governmental units on other matters as well. *Id.* at 54, *See also,* 124 Cong.Rec. at H11091 and S17407 *infra.* However, the

*Willington Convalescent Home* court makes the determination that because Congress failed to indicate the intended scope of such a waiver under 11 U.S.C. § 106, the waiver must be limited to situations where the bankruptcy court has been requested only to make a "determination", such as is stated in the language of 11 U.S.C. § 106(c)(2). *See, Willington Convalescent Home,* 850 F.2d at 55. I find little authority which supports this conflicting interpretation by the Second Circuit either in the case law or in the legislative history of 11 U.S.C. § 106.

As stated in a recent case, the majority view of 11 U.S.C. § 106 construes 11 U.S.C. § 106(c) not as a general or complete waiver of sovereign immunity but as a waiver of sovereign immunity which is limited in that it is only applicable to Code provisions containing the triggering terms "creditor", "entity" or "governmental unit." *In re Rhode Island Ambulance Service, Inc.,* 92 B.R. 4 (Bankr.R.I.1988). 11 U.S.C. § 106(c) under the majority view is still a limited waiver of sovereign immunity in accordance with the legislative intent of Congress. There is nothing in the legislative history of 11 U.S.C. § 106 to indicate that the scope of 11 U.S.C. § 106(c) should be constricted by § 106(c)(2) to "determinations by the bankruptcy court" making it even more limited or restrictive than the waiver in 11 U.S.C. § 106(a) and (b). If anything, the legislative history of 11 U.S.C. § 106 indicates that Congress had a contrary intention in mind.

My acceptance of a somewhat less restrictive reading of 11 U.S.C. § 106(c) than the court in *Willmington Convalescent Home,* does not equate to an impermissibly broad waiver of sovereign immunity in contravention of Congressional intent. Instead, I will view 11 U.S.C. § 106(c) in light of its plain language, the legislative comments accompanying it and the majority interpretation of this section. *See, In re Rhode Island Ambulance Services, Inc.,* 92 B.R. 4.

In conclusion, I hold that 11 U.S.C. § 106(c) is applicable to the case now before me, and applies to the cause of action asserted by the debtor against the IRS

under 11 U.S.C. § 362(h). Section 362 contains the triggering term "entities", therefore, 11 U.S.C. § 106(c) applies to waive the sovereign immunity bar asserted by the IRS in this case. 11 U.S.C. § 362(a). *In re Academy Answering Services, Inc.,* 90 B.R. 291 (Bankr.N.D.Ohio 1988).

### III. CONCLUSION AND SUMMARY OF HOLDING

I hold that the IRS has waived its assertion of the sovereign immunity bar in this case under 11 U.S.C. § 106(a) and/or 11 U.S.C. § 106(c). I, therefore, have jurisdiction to entertain the claim of the debtor in this proceeding against the IRS for damages under 11 U.S.C. § 362(h). I additionally find that the IRS has failed to support its argument that the damage award, if entered against them, should be limited to the amount of the proof of claim which it has filed in this case. I, therefore, deny their motion for partial summary judgment.

Neither party has claimed that an offset might exist under 11 U.S.C. § 106(b)[7]; and as a result, I will not reach this issue at this time. This order is the subject of a separate judgment of the same date setting forth my ruling based upon the reasons given herein.

IT IS SO ORDERED.

---

**7.** The IRS in its motion appears to assert that the debtor must assert the claim of offset against any damages award which I might impose. (*See* IRS motion at page 6). It does not appear from the motion that the IRS claims any such offset. Therefore, I see no reason to prematurely consider such relief where not requested.