**In re Earl J. MOULTON, Jr. and Wanda Sue Moulton, Debtors.**

**Bankruptcy No. 80–0822–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 16, 1991.

Malka Isaak, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., Trustee.

## ORDER ON MOTION TO HOLD UNITED STATES IN CONTEMPT OF COURT, OR, IN THE ALTERNATIVE, FOR SANCTIONS FOR VIOLATION OF THE PERMANENT INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest as a "Motion To Hold The United States In Contempt Of Court, Or In The Alternative, For Sanctions For Violation Of the Permanent Injunction." The Motion was filed by Earl J. Moulton, Jr. and Wanda Sue Moulton (Debtors), who were the Debtors in the above captioned Chapter 13 case, which was confirmed and closed on January 28, 1988. The Court has considered the Motion, together with the record, and has heard argument of counsel and now finds and concludes, as follows:

On June 13, 1980, the Debtors filed their voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. On March 12, 1982, the United States of America, Department of the Treasury, Internal Revenue Service (Government) filed a claim in the amount of $43,851.79. The Debtors objected to the claim, contending that they were not indebted to the Government and after a properly-noticed hearing, their objection was sustained and the claim was disallowed.

On December 7, 1982 the Chapter 13 Plan submitted by the Debtors was confirmed. On February 7, 1983, the Government filed a second claim in the amount of $26,000.00 based on the contention that the tax liability stemmed from the Debtors' former business, Earl's Plumbing, Inc., and these Debtors were "responsible persons" and, therefore, liable for the 100% assessment on the taxes owed by Earl's Plumbing, Inc. The Debtors again objected to the claim of the Government and after a duly-scheduled hearing, this Court entered an order disallowing the claim to the extent the claim asserted the right to payment based on 26 U.S.C. § 6672. On July 15, 1983 the Government filed a third claim, which was followed by a fourth claim filed on November 19, 1985. This last claim purported to supersede all previous claims and was based on the assertion that these Debtors were liable in the amount of $10,-772.57 for penalties which accrued post-petition for the period from June 14, 1980 through March 31, 1983. The Debtor filed a Motion to Modify the Order of Confirmation on April 11, 1986 in order to include this last Government claim. This Court granted the Motion and entered the Amended Order of Confirmation which pro-

vided that the Government claim in the amount of $10,772.57 shall be paid in full through the Plan. After the Modified Plan was consummated by the Debtors, the Chapter 13 Trustee filed his Report of Accountability on January 25, 1988, and the Court entered the Final Decree and granted the Debtors their discharge pursuant to § 1328 of the Bankruptcy Code. The case was closed on January 28, 1988.

On May 15, 1990, the Government filed a Notice of Federal Tax Lien in the total amount of $25,623.65 for penalties arising under 26 U.S.C. § 6672 against the Debtor, Earl J. Moulton, Jr. concerning the periods ending June 30, 1980 and September 30, 1982. Thereafter, the Debtors sought to reopen their Chapter 13 case, which request was granted. The Debtors then filed the Motion for Contempt or, in the alternative, for Sanctions for Violation of the Permanent Injunction, presently under consideration, that is the Motion in which the Debtors allege the Government's filing of the Notice of Federal Tax Lien constitutes a violation of 11 U.S.C. § 524, as the tax penalties were paid through the consummation of the Chapter 13 Plan. After the Debtors filed this Motion, the Government filed a Certificate of Release of the Federal Tax Lien, conceding that the Debtors were no longer indebted to the Government. In due course, this Court held a hearing on the Debtor's Motion, and orally ruled that the Government violated the permanent injunction imposed by 11 U.S.C. § 524 by filing the Notice of Federal Tax Lien with respect to the discharged federal tax liabilities of the Debtors.

■ The Government does not dispute that as a general proposition, this Court may enforce the permanent injunction granted by § 524 against the Government by injunctive relief, in the event that the Government violates those provisions. *In re Conti,* 50 B.R. 142 (Bankr.E.D.Va.1985); *In re Bryant,* 116 B.R. 272 (Bankr.D.Kan. 1990); *In re Holland,* 70 B.R. 409 (Bankr. S.D.Fla.1987). The Government contends, however, that without a waiver of sovereign immunity, this Court may not impose monetary sanctions against the Govern-

ment based on a violation of § 524. In support of this proposition, the Government claims that it has not waived sovereign immunity and thus the Debtors' Motion must be denied to the extent it seeks the imposition of monetary sanctions.

■ The Government relies upon § 106 of the Bankruptcy Code, which deals with the subject of waiver of sovereign immunity. This Section provides as follows:

§ 106. Waiver of Sovereign Immunity

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", or "entity", or "governmental unit" applies to governmental units; and

(2) a determination of the court of an issue arising under such a provision binds governmental units.

Section 106(a) and (b) are straightforward, specific waivers of sovereign immunity of the federal Government. *In re Nordic Village, Inc.,* 915 F.2d 1049 (6th Cir.1990). Under § 106(a), sovereign immunity is waived if the Government has filed a claim against the estate, Debtor(s) has a claim which arises out of the same transaction or occurrence for which the Government's claim arose. The intent of this provision is to provide an opportunity to the debtor to file a compulsory counterclaim based upon the Government's claim. Such a situation does not exist in this case, as the government's claim has been fully adjudicated and fully paid. Thus, § 106(a) is not applicable.

■ Section 106(b) provides a waiver of sovereign immunity where an offset is available for an allowed claim of the Government. This is also inapplicable in the present case. The relief sought by the Debtors is not a right to exercise a set-off against a claim filed by the Government simply because the Government no longer has any claim, since the only allowed claim of the Government has been paid in full by the Debtors.

■ This leaves for consideration subclause (c) of § 106 and its relevance to the matter under consideration. As noted earlier, this subclause provides that notwithstanding any assertions of sovereign immunity:

(1) a provision of this title that contains "creditor", or "entity", or "governmental unit" applies to governmental units; and

(2) a determination of the court of an issue arising under such a provision binds governmental units.

Section 524 of the Bankruptcy Code describes the effects of the discharge provided by the Code and reads in part as follows:

§ 524. Effect of discharge

(a) A Discharge in a case under this title—

.     .     .     .     .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

.     .     .     .     .

While § 524 admittedly does not use the trigger words of "creditor", "entity", or "governmental unit". Notwithstanding, a sensible reading of § 524(a)(2) should not leave any doubt that it applies to all "creditors," including the Government. If the Government is a creditor, clearly then the Government is bound by the protection provided by the general bankruptcy discharge.

It needs no elaborate discussion to point out that § 524 was designed by Congress to assist a discharged Debtor. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). The basic purpose of the Bankruptcy Code is to give the Debtor a "new bid for life and a clear field for future effort, unhampered by the pressure and discouragement of the pressure and discouragement of pre-existing debt." *Local Loan Company v. Hunt*, 292 U.S. 234, 244–45, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235 (1934).

To construe § 524(a)(2) in any other way would render this subclause meaningless, since it would permit the Government to pursue a discharged Debtor with impunity and without suffering the consequences of conduct clearly prohibited by the permanent injunction included in this discharge. Thus, the fact that § 524(a)(2) did not include the "trigger terms" is of no consequence. The Government is bound by the protection afforded by § 524.

In this particular instance, it cannot be gainsaid that the Government always took the position that it is a creditor. Any other contrary position is belied by the fact that the Government filed one claim before confirmation and three claims after confirmation of the Plan and, most importantly, it filed a tax lien for the public record. It requires no detailed discussion to point out the obvious there cannot be a tax lien without an underlying obligation supporting the lien. It is equally evident that placing the tax lien on the public record was nothing more than an attempt by the Government to enforce a claim that the Government knew or should have known was not enforceable against these Debtors.

In sum, based on the Government's conduct, to permit the Government to escape the consequences of its actions would be a completely erroneous construction of § 524(a)(2) and § 106(c)(1) and (2) of the Bankruptcy Code. This being the case, since this Court ordered that the Government be held in contempt, it is appropriate to impose monetary sanctions on the Government for the purpose of compensating these Debtors for the damages they have suffered as a direct result of the

willful, knowing violation of the permanent injunction by the Government.

Based upon the foregoing, this Court finds that the IRS should be found in civil contempt of Court, and it is appropriate to impose a monetary penalty upon the Government.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion To Hold The United States In Contempt Of Court be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that a final evidentiary hearing shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on November 14, 1991, at 10:45 a.m. to determine the amount of damages suffered by the Debtors as a result of the Government's violation of § 524.

DONE AND ORDERED.