### In re DONUTS OF SEEKONK, INC., Debtor.

### DONUTS OF SEEKONK, INC., Plaintiff,

### v.

### Michael W. PANAGAKOS and 1200 Corporation Ltd., Defendants.

#### Bankruptcy No. 90–11968. Adv. No. 90–1169.

United States Bankruptcy Court, D. Rhode Island.

Dec. 13, 1990.

Z. Hershel Smith, Disandro–Smith & Associates, P.C., Inc., Providence, R.I., for debtor.

Gregory J. Koldys, Harvey B. Nickelson & Associates, P.C., New Bedford, Mass., for defendants.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on December 6, 1990, on the application for emergency relief filed by the Chapter 11 Debtor, Donuts of Seekonk, Inc. In response, defendants Michael Panagakos and 1200 Corporation, Ltd. have filed motions to: (1) dismiss the Chapter 11 petition, and (2) for relief from stay.

■ At issue is the possession/occupancy of a "Dunkin Donuts" store in Seekonk, Massachusetts. Prior to the recent filing of the Chapter 11 petition, Debtor and defendants were engaged in Massachusetts state court litigation on this precise issue.

Donuts of Seekonk was unsuccessful at each stage of the state court litigation. On June 14, 1990, the Taunton Division of the District Court, Department of the Trial Court for the Commonwealth of Massachusetts, granted Panagakos a judgment for possession of the subject premises against Guido Petrosinelli, a principal of the Debtor. An appeal from that order was subsequently dismissed. On November 14, 1990 the Debtor filed its Chapter 11 petition in this Court. On November 28, 1990, Judge George N. Hurd, sitting at the Bristol County Superior Court, issued an order restraining Guido Petrosinelli, Stephen Petrosinelli, *and Donuts of Seekonk* from entering or remaining on the premises. Informed of the filing of the Chapter 11 petition, Judge Hurd postponed the effective date of the Order for one week, pending the outcome of the Debtor's request for relief in this Court.

After hearing, there is every indication that the matter before this Court is nothing more than an attempt by the Debtor to resurrect its prior unsuccessful state court litigation, in another forum. This litigation is simply a dispute—and an acrimonious one by all accounts—between these two parties only. No feasible plan of reorganization has been discussed, nor do we see any purpose for this petition, beyond seeking to retry state issues here. We will not sanction the use of this Court for that purpose. *See, e.g., In re Van Owen Car Wash, Inc.,* 82 B.R. 671, 673 (Bankr.C.D. Cal.1988) ("two-party lawsuit involving state law that was brought before a federal Bankruptcy Court" is an abuse of the Bankruptcy Code); *In re Harvey Probber, Inc.,* 44 B.R. 647, 650 (Bankr.D.Mass.1984) ("bankruptcy court not intended as an alternate forum for private disputes that only involve[ ] the disputants") (citation omitted).

■ In addition, serious questions about the Debtor's good faith in filing this petition have been raised, with no plausible or acceptable answers forthcoming from Debtor's counsel.[1] It is well established

1. Z. Hershel Smith, Esq. represents the Petrosi-nellis and Donuts of Seekonk, Inc. in the Massa-

that good faith is an operative, if not an express condition to the filing of a Chapter 11 petition. *See In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984) ("debtor's lack of 'good faith' may constitute cause for dismissal"); *In re Carco Partnership,* 113 B.R. 735, 739 (Bankr.M. D.Fla.1990); *In re Walter,* 108 B.R. 244, 248 (Bankr.C.D.Cal.1989).

■ As to Debtor's newly raised issues of material significance, which were not raised in the state court litigation [2], we deem them to effect a total waiver of those arguments. To the extent that these waived issues are now brought to light for the first time before this Court, the credibility and good faith of the Debtor and its attorney are further eroded. Accordingly, after review of the pleadings and upon consideration of arguments of counsel at the emergency hearing, it is ORDERED that Debtor's request for relief is DENIED, and defendants' motion to dismiss is GRANTED with prejudice, thereby disposing of defendants' second motion.

Enter Judgment consistent with this opinion.

chusetts state court litigation, and is counsel for the Debtor in this Chapter 11 case.

2. Debtor's attorney argues that Panagakos "sued the wrong party" in its state court actions and that, therefore, the state court judgment for possession should not be effective against the Debtor here. We find it troubling that at no point during the state litigation was that issue raised by counsel, and are even more disturbed by his admission here that he "saved" that objection

for presentation before this Court. Such tactics do nothing to enhance either the merits of the Debtor's position or its credibility before this Court, and, for future reference, counsel is advised that this type of maneuvering is viewed with extreme disapproval by this Court. *See In re The Fax Station, Inc.,* 118 B.R. 176 (Bankr.D. R.I.1990); *Matter of Win–Sum Sports, Inc.,* 14 B.R. 389 (Bankr.D.Conn.1981).