**In re NASH CONCRETE FORM COMPANY, INC., Debtor.**

**Eleanor F. TAYLOR, Trustee,[1] Plaintiff,**

**v.**

**COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, Defendant.**

Bankruptcy No. 90–11505–WCH.

Adv. No. 90–1333–WCH.

United States Bankruptcy Court,
D. Massachusetts, E.D.

Feb. 25, 1993.

Stephen E. Meunier, Sp. Asst. Atty. Gen., Boston, MA, for Mass. Dept. of Revenue.

Nancy K. McCarthy, Hanover, MA, for Eleanor F. Slater, Trustee.

## DECISION ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WILLIAM C. HILLMAN, Bankruptcy Judge.

The facts underlying this dispute are not actually in dispute in any significant respect, although the parties have been unable to arrive at a statement of agreed facts. The Court has reviewed the pleadings and makes the following findings of fact based upon uncontroverted or admitted allegations.

Nash Concrete Form Company, Inc. ("Nash") operated its business in Massachusetts. It accrued liability to the Commonwealth and its instrumentality, the Department of Revenue ("DOR"), for taxes required to be withheld from the wages of employees by M.G.L. c. 62B § 2.[2] The

---

1. This adversary proceeding was commenced by the debtor in possession while the case was operating in Chapter 11. After conversion, the trustee has continued the prosecution. The Court hereby recaptions the adversary proceeding as indicated *sua sponte.*

2. "Every employer making payment to employees ... of wages subject to tax under chapter sixty-two shall deduct and withhold a tax upon such wages in accordance with tables prepared by the commissioner...." (in part).

amount alleged to be due was in excess of $70,000.

On January 5, 1990, acting under M.G.L. c. 62C § 53,[3] DOR levied upon Nash's bank account which contained $66,456.39. DOR did release $22,000 of the seized funds to Nash, for reasons upon which the parties cannot agree, retaining the balance. Nash filed its petition under Chapter 11 on March 29, 1990. On September 12, 1990, the instant adversary proceeding was commenced under 11 U.S.C. § 547(b) seeking recovery of the sum remaining in the hands of DOR as a preference.

DOR filed a motion to dismiss for failure to state a claim upon which relief could be granted, FRCP 12(b)(6), made applicable to adversary proceedings by FRBP 7012(b). Nash countered with a motion for summary judgment under FRCP 56(c) via FRBP 7056. This decision addresses both motions.

■ The argument of DOR in support of its motion to dismiss is that the funds due to it were trust funds under the Massachusetts statute and hence not property in which the debtor had an interest. As a result, says DOR, the transfer cannot be attacked under 11 U.S.C. § 547(b), which allows avoidance of "any transfer of an interest of the debtor in property."

If this case involved the Internal Revenue Service ("IRS") rather than DOR, the answer to the primary issue would be found in the decision of the Supreme Court in *Begier v. Internal Revenue Service*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). DOR considers it controlling here.

In *Begier*, the employer/debtor ("AIA") was required to withhold federal income taxes and to collect FICA taxes from its employees by 26 U.S.C. § 3402(a) (income tax) and § 3102(a) (FICA), as well as to collect certain excise taxes from its customers as mandated by 26 U.S.C. § 4291.

Section 7501(a) of Title 26 provides that Whenever any person is required to collect or withhold any internal revenue tax

from any other person and to pay over such tax to the United States, *the amount of tax so collected or withheld* shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. (emphasis added).

AIA did deposit some of the collected and withheld funds in a separate bank account from which payments were made to IRS, but it also paid some of its indebtedness from general revenues not allocated to the tax liabilities.

AIA's case was converted to Chapter 7. The trustee brought an adversary proceeding to recover all sums paid to IRS during the 90 days before the filing of the original petition. The bankruptcy court found for the trustee as to the funds paid from the general account and the district court affirmed. The circuit court reversed and it was affirmed by the Supreme Court.

In the Supreme Court the trustee argued that § 7501 applies only when specific funds are either paid to IRS or placed in a segregated account. The Supreme Court disagreed. It held that the trust arises when the net wages are paid to the employee:

"We conclude ... that AIA created a trust within the meaning of § 7501 at the moment the relevant payments (from customers to AIA for excise taxes and from AIA to its employees for FICA and income taxes) were made." 496 U.S. at 61, 110 S.Ct. at 2264.

The Court pointed out that this did not resolve the ultimate issue:

"All § 7501 reveals is that AIA at one point created a trust for the IRS; that section provides no rule by which we can decide whether the assets AIA used to pay the IRS were assets belonging to the trust." *Id.*

---

3. "(a) If any person liable to pay any tax neglects or refuses to pay the same within ten days after demand, it shall be lawful for the commissioner to collect such tax ... by levy upon all property and rights to property belonging to such person...." (in part).

The Supreme Court rejected the common law rule that a trust does not come into existence until funded because § 7501 speaks in terms of "the *amount*" of tax, and not the trust res itself:

> "Unlike a common-law trust, in which the settlor sets aside particular *property* as the trust res, § 7501 creates a trust in an abstract 'amount'—a dollar *figure* not tied to any particular assets—rather than in the actual dollars withheld. Common law tracing rules, designed for a system in which particular property is identified as the trust res, are thus unhelpful in this special context." 496 U.S. at 62, 110 S.Ct. at 2265 (footnote omitted; emphasis in original).

Congress intended, said the Court, to impose a burden upon IRS "to show *some* connection between the § 7501 trust and the assets sought to be applied to a debtor's trust fund obligations." *Id.,* 496 U.S. at 65–66, 110 S.Ct. at 2266; emphasis in original. The Court relied upon legislative history to find that burden to be satisfied "if the debtor is able to make the payments." *Id.,* 496 U.S. at 66, 110 S.Ct. at 2267. Under the facts of the case, AIA having made the payments was demonstrably able to do so, and hence the payments were of trust funds and not property of the estate. *Id.*

In summary, the Supreme Court found that the payments made were trust funds not property of the estate because federal law (1) imposed a burden to withhold and collect the taxes; (2) created a trust in an amount equal to the total collections, rather than in those funds themselves; and (3) determined that the creation of the trust was as of the time that the taxpayer had the ability to pay.

The next step in the analysis is to establish whether the applicable Massachusetts law is sufficiently close to the quoted provisions of Title 26 to make *Begier* controlling.

The Massachusetts statute does not parallel the federal act. While M.G.L. c. 62B § 2, quoted in footnote 2, does impose a duty upon employers to "deduct and withhold," the trust fund language is not nearly as broad: *"Any sum or sums withheld ... shall be deemed to be held in trust for the commonwealth."* M.G.L. c. 62B § 5 (in part; emphasis added).

The contrast between this language and § 7501 is manifest. The Massachusetts act applies only to the "sum or sums withheld" and not, as under federal law, to the *amount* of the tax withheld. *Begier* and the related cases construing the Internal Revenue Code do not support DOR's position that the sums seized were in fact the sums withheld from the employees' wages.

As a result of this determination, DOR's motion to dismiss must be denied.

 Nash's motion for summary judgment must also be denied. No evidence has been introduced to demonstrate that DOR will receive more under its seizure of the bank account than it would otherwise receive under Chapter 7. 11 U.S.C. § 547(b)(5).

Appropriate orders will enter denying both motions and assigning this matter for a pre-trial hearing.