## In re A. CARDI CONSTRUCTION CO., INC.

**Bankruptcy No. 91–11614.**

United States Bankruptcy Court, D. Rhode Island.

May 25, 1993.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Incorporated, Providence, RI, for the trustee.

Marcia McGair Ippolito, Chief Legal Officer, Taxation, Providence, RI, for the Tax Admr.

Joseph M. DiOrio, Hinckley, Allen & Snyder, Providence, RI, for Shawmut Bank of Rhode Island.

## DECISION ON CHAPTER 11 TRUSTEE'S MOTION SEEKING PAYMENT OF FEES AND COSTS

WILLIAM C. HILLMAN, Bankruptcy Judge, District of Massachusetts, Sitting by Designation.

This matter is before the Court on the motion of Matthew J. McGowan, the Chapter 11 trustee (the "Trustee") seeking the payment of fees and costs by the Rhode Island Division of Taxation/Tax Administrator (the "Administrator"), resulting from the filing of an objection by the Administrator which was subsequently overruled by the Court. By agreement of the parties, this matter has been considered on the motion and responses thereto, without argument. In any event, there seems to be no disagreement as to the objective facts involved, and those related below shall constitute the Court's findings of fact. Conclusions of law appear as appropriate.

As noted, the Trustee is the Chapter 11 trustee in this case. On March 24, 1992, he sought to employ himself and his firm as attorneys for the Trustee. The application was granted by endorsement order on April 8, 1992.

A. Cardi Construction Co., Inc. (the "Debtor") owned certain real estate in Coventry and East Greenwich, Rhode Island. The property was encumbered by a mortgage to Shawmut Bank of Rhode Island, with a balance in excess of $325,000. It was further encumbered by a tax lien in favor of the State of Rhode Island. Proofs of claim filed herein indicate an aggregate indebtedness to the State of $46,072.04, of which $38,006.51 is alleged to be trust fund taxes.

The Trustee filed a notice of intended private sale for $325,000 pursuant to 11 U.S.C. § 363(b) and (f). The Administrator

objected to the sale (the "Objection"), as discussed in detail below.

On March 24, 1993, the Court overruled the Objection and authorized the Trustee to proceed with the sale. At that hearing the Trustee sought legal fees for all counsel involved in defending against the Objection. The Court directed that anyone seeking fees in that regard could request them.

The Trustee in the present motion seeks fees of $1,139.00 and reimbursement of $8.40 in expenses under the authority of FRCP 11 [1] and 28 U.S.C. § 1927.

If this were all to the tale, the Court would have no hesitation in finding that the Administrator violated FRBP 9011 by filing a pleading so lacking in basic understanding of the law that it could not have been filed after reasonable inquiry.

Rule 11 of the Rules of Civil Procedure and Rule 9011 of the Rules of Bankruptcy Procedure require attorneys to "make reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact...." *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir.1990). The standard to be applied is "an objective standard of reasonableness under the circumstances." *Id.* at 631.

The grounds stated in the Objection were as follows:

1. The funds for which the lien was filed were trust funds under applicable Rhode Island law. As a result, "the debtor (taxpayer) is estopped from seeking protection and refuge from this Honorable Court for the activity of failing to remit trust fund taxes by selling its real estate without regard to the trusts it held for the State and the lien filed against said trusts." *Objection* at 2.

2. "[T]he real estate in question cannot be sold free and clear of his liens as his tax liens represent nondischargeable taxes." *Objection* at 2–3

3. (Apparently in the alternative but not stated as such) The trustee should be ordered "to escrow and remit payment of the R.I. tax trust funds ... from the proceeds of the sale...." *Objection* at 3.

Reviewing these arguments, the Court finds that they are completely lacking in merit. As to the first, there is no exception in § 363(f) for liens which arise from trust fund liabilities. As to the second, the section itself provides for sale free and clear of liens. The third argument would create a super-priority for tax liens in the proceeds of sale, a novel and incorrect view of the law. Rule 9011 reaches "groundless but 'sincere' pleadings, as well as those which, while not devoid of all merit, were filed for some malign purpose." *Lancellotti v. Fay*, 909 F.2d 15, 18–19 (1st Cir.1990). While the Administrator's pleadings were probably most sincere, they are also ungrounded in law.

The Administrator's ignorance is more appalling since he may have had a perfectly good objection to the sale under § 363(f)(3). [2]

"[T]he well-established rule has been that the sale should not be held if it will not produce a surplus unless there is a bona fide dispute concerning the validity of the lien." 2 COLLIER, BANKRUPTCY ¶ 363.07 (15th ed. 1993) (footnotes omitted).

Here there is no dispute, and the amount of the first mortgage exceeds the proposed selling price of the property. The Administrator did not raise this argument and it must be deemed waived. *Donuts of Seekonk, Inc. v. Panagakos (In re Donuts of Seekonk, Inc.)*, 122 B.R. 172, 174 (Bankr. D.R.I.1990).

Additional facts not previously mentioned but emphasized by the Administrator are these:

---

1. The correct citation should be to FRBP 9011, but the substantive provisions relevant here are identical.

2. "The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if ... (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."

1. Upon receipt of the Objection, the Trustee wrote to the Administrator's counsel seeking authority for what he regarded as incorrect propositions of law, and advised her that he would seek fees if the Administrator persisted.

2. The Administrator replied that he was "acting on the basis of an Objection he had argued ... which resulted in a successful settlement order" in the *Grigelevich* case.

■ The Administrator's arguments in his memorandum opposing the motion ("Ad.Mem.") and the Court's response to each follow.

1. *The Administrator's reliance on the prior decision "puts this matter entirely outside of the ambit of Rule 11[sic]." Ad. Mem.* at 6. The mentioned case is not reported as to the point in issue. The Court is unable to determine if the decision in that case resulted from facts similar to those now before the Court or otherwise. In any event, the precedential value of a *settlement* is nil.[3]

2. *Tax Division counsel also enumerated other grounds in her March 10, 1993 letter to the Trustee. Ad.Mem.* at 2. A review of that communication indicates the following other claims:

A. Pursuant to R.I.G.L. § 44–19–21, the unpaid taxes constitute a lien upon all real property of the taxpayer and the lien shall not be discharged or released until the unpaid taxes are paid.

B. The trust funds are not property of the estate since they constitute trust funds under R.I.G.L. § 44–19–35.

■ As to the former assertion, it is adequate to say without citation of authority that it ignores the preemptive effect and supremacy of the Bankruptcy Code over state law. As to the later, the Court is unable to understand how the Administrator can claim that the lien on real estate is synonymous with the amounts withheld from the wages of employees or otherwise constituting trust funds. For a parallel situation, *see Taylor v. Commonwealth (In re Nash Concrete Form Company, Inc.)*, 151 B.R. 632 (Bankr.D.Mass.1993).

3. *The Trustee never responded to the Administrator's request for further authority for the Trustee's position. Ad. Mem.* at 3. That is true. But "the clearer a thing is, the more difficult it is to find any express authority or any dictum exactly to the point." *Panama & So. Pac. Tel. Co. v. India Rubber, etc., Co.*, 10 Ch.App. 515, 526 (1875).

4. *If the Trustee's position is sustained it "would have a chilling effect on advocacy and good faith assertion of colorable claims." Ad.Mem.* at 7; similarly at 15 and 25. The Court does not think so, but it does hope that the present decision will have a freezing effect on the introduction of the type of objection filed by the Administrator in this case.

■ 5. *28 U.S.C. § 1927[4] is inapplicable. Ad.Mem.* at 10. The court agrees. The Objection did not multiply proceedings.

■ 6. *The activities for which the Trustee seeks legal fees are properly encompassed within the statutory trustee's fee. Ad.Mem.* at 16*ff.* The Administrator ignores the fact that Mr. McGowan was retained as his own counsel.[5] The Administrator's argument is without merit. Further, it should be noted that fees are only one of the possible elements to be considered in imposing sanctions under FRBP 9011:

> "If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, *an appropriate sanction, which may include* an order to pay to the other

---

**3.** The order entered by Judge Votolato in *Grigelevich* recites that the payment to the Administrator was made "as a compromise in order to obtain a discharge of the ... tax lien."

**4.** "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

**5.** In fairness, it should be noted that the Trustee did not expressly state that fact in his motion for fees.

party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee." FRBP 9011(a), final sentence. (emphasis added).

The reasonableness of the fees sought will be addressed below.

7. *"In this matter, the Tax Administrator is acting as a statutory (sic) appointed state officer performing mandatory duties of an exclusively governmental and discretionary nature. [citing statute] He is appearing in federal court, through legal counsel, and pressing a legitimate tax claim that arose out of undisputed facts and under clear and unequivocal state statutory law. Accordingly he is immune by the doctrine of sovereign immunity and the 11th Amendment. Additionally, the Tax Administrator's legal counsel comes within the ambit of prosecutorial immunity."* Ad. *Mem.* at 19. These assertions are made without citation of authority.

■ A. *Sovereign or Eleventh Amendment immunity.* Assuming without deciding that the Eleventh Amendment is applicable in the present circumstances, the Administrator's appearance and pleadings in this case have waived any such claim. *WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988); *Rhode Island Ambulance Service, Inc. v. Begin (In re Rhode Island Ambulance Service, Inc.),* 92 B.R. 4 (Bankr.D.R.I.1988).

■ B. *Prosecutorial immunity.* The short answer to this assertion in that the Administrator's counsel is not a prosecutor. A prosecutor is one "who prosecutes another for a crime in the name of the government." BLACK, LAW DICTIONARY (6TH EDITION). The immunity arises from the prosecutor's duties "in initiating and pursuing a criminal prosecution." *DiFolco v. Roberts,* 585 F.Supp. 139, 141 (D.R.I.1984). This is a civil proceeding and not a criminal prosecution by the Administrator.

■ Sanctions are *required* when it appears that a pleading has been interposed where, after reasonable inquiry, a competent attorney could not form a rea-

sonable belief that the pleading is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *Lancellotti v. Fay, supra,* at 18; *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), *cert. denied* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). Minimum standards of professional responsibility require an attorney to make reasonable inquiry into the legal basis for claims and defenses asserted. *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943, 948 (Bankr. N.D.Ill.1988). The Court finds that counsel for the Administrator failed to satisfy that standard.

The Court has reviewed the material submitted by the Trustee in support of his request for sanctions in the amount of $1,147.40 and the Administrator's criticism thereof. The Court finds that the time spent and hourly rates are reasonable and awards sanctions in the amount sought.

These sanctions are awarded jointly and severally against the Administrator and his counsel. While the Court feels certain that the Administrator was not appreciative of the arguments being advanced in his behalf, he

"voluntarily chose this attorney as his representative in the action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation...." *United States v. Parcel of Land, etc.,* 928 F.2d 1, 6 (1st Cir.1991).

An order will enter in accordance with this opinion.